BlackfoRD, J.
Crawford brought an action of trover against Johnson. Plea, not guilty. Verdict for the plaintiff for $67.00. Motion for a new trial overruled, and judgment on the verdict.
The evidence was as follows: The defendant was a constable, and had a fieri facias in his hands, issued by a justice of the peace against the plaintiff for about $56.00. The plaintiff held a note against one Claugh for $100, which he sent by the defendant to one Gould, with a request that Gould would enter himself as bail for the stay of execution on the said judgment, and would take the note “to make himself secure that the plaintiff would pay off the judgment when due.” Gould, accordingly, -entered himself bail, and took possession of the note; and the defendant returned the execution. When the time had elapsed for which the execution was stayed,- another fieri facias was issued ¿gainst the plaintiff on the judgment, and was delivered to the defendant who called on Gould to pay off the execution, stating that he could find no goods and chattels *404 of-the plaintiff. Gould delivered to the defendant the said note against Glaugh, and directed him to sell it to satisfy the debt. The note-was thereupon levied on by the defendant,, and sold by him upon the execution ; and the pro-eeeds of the sale, being about *$35.00, were applied to the execution. There was some other property, consisting of whisky, &c., sold'under the execution to satisfy the judgment. The plaintiff, afterwards, gave the defendant, as constable, a receipt for $2.14, for an overplus collected on the execution.
J. H. Bradley, for the plaintiff.
J. L. Jernegan, for the defendant.
There were some instructions given to the jury, which it is not necessary to examine, as the verdict appears to us to be in accordance with the evidence. The note was not liable to be taken and sold on the execution. Ingalls v. Lord, 1 Cowen, 240. It had been sent to Gould, not to be given up to be sold on execution, but merely to secure him for any money he should pay as plaintiff’s replevin-bail. Ror does it appear that the plaintiff assented to the sale. The receipt is the only evidence on the subject, and that, unaccompanied as it is by any evidence tending to prove the plaintiff's knowledge of the sale when the receipt was given, does not show such assent. "Whether if the plaintiff had authorized or assented to the illegal sale, the ease would have been different, we have not examined.
Per Curiam.—The judgment is affirmed with costs.