## KEIGHTLEY v. WALLS and Another.

CHOSE IN ACTION.—JURISDICTION OF COURT OF EQUITY.—The power of a court of equity to reach the choses in action of a debtor and subject them to the satisfaction of a judgment, has been denied by this court.

SAME.—PROCEEDINGS IN AID OF EXECUTION.—The remedy here, in such a state of the law, is found in proceedings supplementary to execution.

EQUITABLE SET-OFF.—Suit by A against B and C to obtain the satisfaction of a note of A's, payable to B, which was alleged to have been fraudu-

lently transferred to C. The complaint alleged that A held a judgment against B, of an amount greater than the note, and that B was insolvent. The relief asked was that the note might be set off against the judgment, and the mutual claims satisfied, so far as they were equal.

*Held,* that A was entitled to the relief asked.

*Held,* also, that in such case a court of equity may order the satisfaction of a claim which is not due.

*Held,* also, that as the issue made was as to the present insolvency of B, the matter was not *res adjudicata* by reason of a former suit, brought by A before the maturity of the note, to enjoin any transfer of it, in which the insolvency of B was alleged, having been determined against A.

APPEAL from the *Putnam* Common Pleas.

FRAZER, J.—The appellant was the plaintiff below. The complaint alleged that the plaintiff, in *December*, 1863, executed his note to the defendant *Walls*, payable at a bank in *Greencastle*; that *Walls*, without consideration, and to defraud his creditors, assigned and delivered the note to the defendant *Eckels*, *Walls* being at the time indebted and insolvent, under a fraudulent and pretended verbal trust; that *Walls* was largely indebted to *McCord & Bradley* for goods, for which he gave them his note for $1,552, due *January* 5, 1864, which note was duly assigned to the plaintiff, and was held by him as a set-off against the note which he had given to *Walls*; that at the *February* term, 1864, of the *Putnam* Common Pleas, the plaintiff commenced suit against *Walls* and *Eckels*, to recover against *Walls* a judgment for the amount of the note held by him against *Walls*, and to restrain *Eckels* from transferring the note which he held as aforesaid against the plaintiff, and which had not matured, and was not in condition to be set off against the note held by the plaintiff; that he obtained his judgment against *Walls* for $1,561 88, but failed to obtain the injunction sought against *Eckels*. It was further averred, that the note given by the plaintiff to *Walls* had matured, remained in the hands of *Eckels*, and was, in fact, the property of *Walls*, who is insolvent, and that *Eckels*, combining with *Walls* to defraud his creditors, still holds the plaintiff's note and refuses to satisfy it, having notice that the plaintiff holds the

judgment against *Walls*, unpaid and unsatisfied. Prayer to compel a set-off, and for general relief.

*Walls* demurred to the complaint, alleging for cause the want of sufficient facts. This demurrer was sustained. *Eckels* answered in four paragraphs, to three of which the plaintiff demurred, and this demurrer was sustained to the complaint.

The power of a court exercising equity jurisdiction to reach the choses in action of the debtor, and apply them to the satisfaction of a judgment, though maintained by Lord HARDWICKE, and uniformly exercised by the chancellors of *England* until after our independence, (the jurisdiction, in view of the bankrupt laws of that country, having then become rarely necessary for the purposes of justice,) when it was first questioned by a *dictum* of Lord ELDEN, and finally denied on the authority of that *dictum*, though maintained here with great ability by Chancellor KENT, (4 Johns. Ch. 450,) and by the Court of Errors of *New York*, (20 Johns. R. 554,) has been repeatedly denied by this court, and it has been held that, without legislation conferring it, the courts have no jurisdiction in such cases. A defendant might be worth millions, and yet, if his wealth consisted of choses in action, he could successfully defy his creditors. *Shaw* v. *Aveline*, 5 Ind. 380; *Totten* v. *McManus*, *id.* 407; *Stewart* v. *English*, 6 *id.* 176; *Peoples* v. *Stanley*, *id.* 410; *Butler* v. *Jaffray*, 12 *id.* 504. The remedy afforded here, for the state of the law thus declared, is found in proceedings supplementary to execution. 2 G. & H. 260, *et seq.* It may not be clear, however, that a note held by the judgment plaintiff against the defendant can be reached by proceedings under the statute referred to.

But the case before us does not fall within the general doctrine announced in *Shaw* v. *Aveline*, *supra*. This is an application to compel a set-off, and thus satisfy both demands. As a foundation for the interposition of the power of a court of equity to attain the end, the insolvency of *Walls*, the judgment defendant, for whose beneficial use it

is averred the note is held, is alleged. That this is sufficient was intimated in *Keightley* v. *Walls*, 24 Ind. 205, and is as well settled as any proposition can be by the courts. *Lindsay* v. *Jackson*, 2 Paige 581. In that case, the chancellor has collected the authorities in full.

But it is suggested that the complaint itself shows that the matter is *res adjudicata*. The record of the previous suit is made part of the complaint. In that case, the plaintiff evidently labored under the belief, as he does in this, that the set-off could not be compelled until the maturity of his outstanding note, and it is now argued in his behalf that the previous suit was brought too soon to obtain the set-off, inasmuch as the note was not then due, and that the most that could have been then accomplished was to prevent a transfer of the note, with a view to compelling a set-off at its maturity. We cannot concur in that proposition. It may be generally true that a party cannot be compelled to receive payment upon a debt until its maturity. Ordinarily there could be no object in requiring it, and sometimes injustice would be done by doing so. But where satisfaction has, in fact, been made before the debt becomes due, and no injustice can result from settling the fact, courts of equity, for the purposes of justice, have not hesitated to determine it by decree. In compelling an equitable set-off, the court proceeds upon the ground that one demand is, *pro tanto*, a satisfaction of the other, and that the real indebtedness is merely the balance. All matters of interest can be arranged upon just principles, so as to avoid injury. In *Lindsay* v. *Jackson*, *supra*, the debt of the complainant was not due, and yet the set-off was allowed.

In the former suit, the insolvency of *Walls* was alleged. There was an issue upon this, which was found for *Eckels*. We must suppose that the plaintiff, in that case, failed to prove the fact of insolvency. In this case, the plaintiff avers the present insolvency of *Walls*. This could not have been in issue in the former suit. It is the very basis of the present action, and is not *res adjudicata*—it is impossible.

This fact is not inconsistent with the verdict in the former case. We think, for the reasons given, that the complaint was good, and that the court erred in sustaining the demurrers to it.

We do not consider the answer of *Eckels* with a view to determine its sufficiency. That question has not been argued by the appellant, nor has it been decided by the court below.

The judgment is reversed, and the cause remanded, with directions to overrule the demurrer by *Walls* to the complaint, to set aside the judgment sustaining the plaintiff's demurrer to *Eckels'* answer to the complaint, and to proceed according to this opinion.

*D. E. Williamson* and *A. Daggy*, for appellant.

*R. L. Hathaway, J. A. Matson* and *M. A. Moore*, for appellees.