Filed Oct. 19, 1883.

———————◆———————

No. 10,033

WALLACE ET AL. *v.* LAWYER ET AL.

EXECUTION.—*Proceedings Supplementary.*—*Practice.*—In proceedings supplementary to execution, formal pleadings are not required, and rulings thereon are immaterial and harmless.

SAME.—*Evidence.*—Proceedings supplementary, based on the averment that the execution defendant conceals his property and wrongfully refuses to apply it, etc., are not sustained by proof only that he has real estate within reach of execution, and that debts are due him.

From the Hamilton Circuit Court.

*W. Garver, R. Graham, D. V. Burns* and *C. S. Denny,* for appellants.

*T. J. Kane, T. P. Davis, G. Shirts, A. F. Shirts* and *W. R. Fertig,* for appellees.

HAMMOND, J.—This was a proceeding supplementary to execution, by the appellants against the appellees, under sections 815 and 819, R. S. 1881. The complaint alleges that, on November 1st, 1871, Joseph Randall recovered judgment in the superior court of Marion county, against the appellees Peter C. Lawyer and Edward K. Hall, for $692.74 and costs. The judgment is averred to be wholly unpaid. Randall as-

signed it, July 30th, 1874, to the appellant Andrew Wallace, who afterwards assigned it to his wife, the appellant Rachel Wallace. An execution was issued on the judgment in September, 1874, and directed to the sheriff of Hamilton county, where the execution defendants then, and at the commencement of this action, resided. The execution was returned at the proper time unsatisfied. It is alleged that Lawyer and Hall have property, means and effects sufficient to satisfy the judgment, but unjustly and wrongfully refuse to apply the same to the payment thereof, and so conceal the same that nothing can be reached by execution.

The complaint also charges that the appellee John Collett is indebted to Lawyer, and has in his custody and under his control a large sum of money belonging to Lawyer, which, together with other property, claimed by Lawyer, exceeds the amount allowed by law as exempt from execution. It is further averred in the complaint that the appellee Lewis Gerhard is indebted to Lawyer in a sum of money greatly in excess of the amount allowed by law as exempt from execution. It is further alleged that the appellee Asher G. Walton claims some pretended interest in the judgment, and he is made a party to answer as to such interest.

The appellees severally demurred to the complaint, but their demurrers were overruled. They then answered in abatement in two paragraphs, verified by the affidavit of Lawyer. The second paragraph was stricken out on the appellants' motion, and their demurrer to the first paragraph was overruled, and to this they reserved an exception. They replied in two paragraphs. The second was a denial, and to the first the appellees' demurrer was filed and sustained, and to this ruling the appellants excepted.

The case was tried by the court, resulting in a general finding for the appellees, followed by a judgment in their favor for costs. The appellants' motion for a new trial, on the grounds that the finding was not sustained by the evidence

and was contrary to law, was overruled.    The appellants ex-
cepted.    The evidence, all introduced by the appellants, is in
the record.    It consists of the record of the judgment, an exe-
cution issued September 5th, 1874, the officer's return thereto
showing no property found, and an execution issued Septem-
ber 23d, 1881.    It also contains the examination under oath
of Lawyer, who testified that he owned a house and lot in
Hamilton county, unincumbered, of the value of $800 ; that
he had a tax title on twenty acres of other land in that county
on which he had paid taxes to the amount of $350 ; that he had
also purchased 158 acres of land in the same county and paid
$2,600 on it, and had a deed, but it was not on record ; that
he could give a description of the land by going to the record.
He also stated that Mr. Collett owed him about $200.

The appellants assign for error in this court the overruling
of their demurrer to the first paragraph of the appellees' an-
swer, the sustaining of the appellees' demurrer to the first
paragraph of their reply, and the overruling of their motion
for a new trial.

It is manifest from the record that the appellees' plea in
abatement was ignored by the court and the parties, and that
the case was tried upon its merits.

Section 822, R. S. 1881, in reference to proceedings sup-
plementary to execution, provides, *inter alia,* that "all pro-
ceedings under this act, after the order has been made requir-
ing parties to appear and answer, shall be summary, without
further pleadings, upon the oral examination and testimony
of parties and witnesses."

Considering that an answer to a complaint in such case is
not required, and that the answer filed by the appellees was
disregarded, we think that the error, if any, of the court in
overruling the demurrer to the answer and sustaining the de-
murrer to the reply, was entirely harmless.    In this court we
are required to overlook defects in the proceedings of the
trial court where the merits of the case have been fairly tried

and determined. Section 658, R. S. 1881; *State, ex rel.,* v. *Parish,* 83 Ind. 223.

This leaves for consideration the simple question whether there was error in overruling the appellants' motion for a new trial.

The appellants charge in their complaint that the execution defendants Lawyer and Hall have property, means and effects sufficient to satisfy the appellants' judgment, but wrongfully refuse to apply the same to the payment thereof, and conceal such property so that it can not be seized by execution. The evidence fails to prove these averments of the complaint. The only property shown to belong to the execution defendants is that owned by Lawyer. It was real estate, and no reason appears why an execution would not reach it, without resorting to the present proceedings. As to the other appellees being indebted to Lawyer or Hall, as charged in the complaint, there is no evidence of such indebtedness except that " Mr. Collett" owed Lawyer " about $200." The evidence upon this point was not sufficient to enable the court to act definitely and intelligently in making an order requiring Collett to apply his indebtedness to Lawyer as payment on the appellants' judgment.

We think that the court below found correctly on the evidence, and properly overruled the motion for a new trial.

Judgment affirmed, at the appellants' costs.

Filed June 30, 1883.

## On Petition for a Rehearing.

Hammond, J.—A careful re-examination of the record satisfies us with the conclusions reached in the principal opinion.

That the plea in abatement was disregarded by the parties and the court, is shown in the fact that no evidence whatever was introduced in reference to it. The appellants introduced evidence evidently with the view of making out their case on its merits, and the finding and judgment of the court were as upon the merits of the case, and not in abatement.

In proceedings supplementary to execution the evidence must sufficiently describe the property sought to be reached and the claims owing the execution defendant, to enable the court, in its judgment, to direct what property shall be levied upon and sold, and what indebtedness due the execution defendant shall be applied to the payment of the judgment against him. In these respects the evidence was not sufficient.

Petition for a rehearing overruled.

