Pouder *et al. v.* Tate.

No. 12,366.

POUDER ET AL. *v.* TATE.

EXECUTION.—*Proceedings Supplementary.—Complaint.—Necessary Averments.
—Demurrer.—Practice.*—A verified complaint in a proceeding supplementary to execution, which fails to state that the judgment debtor is a resident of the county in which such complaint is filed, or that an execution against his property has been issued to the sheriff of the county in which he resides, is bad, and the defect may be reached by a general demurrer.

From the Marion Superior Court.

*W. D. Bynum* and *A. T. Beck,* for appellants.

*B. Harrison, W. H. H. Miller, J. B. Elam, C. A. Ray, F. Knefler* and *J. S. Berryhill,* for appellee.

MITCHELL, J.—A verified complaint in a proceeding supplementary to execution, filed with the clerk of the superior court of Marion county, omitted to state whether or not the judgment debtor, against whom the proceeding was instituted, resided in Marion county, or whether an execution against his property had issued to the sheriff of the county in which he resided. The question is whether, notwithstanding these omissions, the complaint stated facts sufficient to withstand a general demurrer. Section 816, R. S. 1881, reads as follows: "If, after the issuing of an execution against property, the execution plaintiff, or other person in his behalf, shall make and file an affidavit with the clerk of any court of record of any county, to the effect that any judgment debtor, residing in such county, has property (describing it) which he unjustly refuses to apply toward the satisfaction of the judgment, the court, if in session, or the judge or clerk thereof in vacation, shall issue an order requiring the judgment debtor to appear forthwith before the court, * * * or before the judge thereof, * * * to answer concerning the same." In other words, before an order can be made requiring a judgment debtor to appear and answer concerning his property, an affidavit or verified complaint

must be filed with the clerk of the county in which the debtor resides, showing, among other things, that the latter is a resident of the county in which the proceeding is about to be instituted, and that an execution against his property has been issued to the sheriff of the county in which he resides, or if he do not reside in the State, to the sheriff of the county in which the judgment was rendered. Sections 815, 816, R. S. 1881. Until a verified complaint or affidavit to the foregoing effect is filed, no authority exists for any court or judge to issue an order requiring the judgment debtor to appear.

The complaint under consideration alleges that an execution issued to the sheriff of Marion county upon a judgment rendered in Hamilton county. It does not state, however, that the judgment debtor is a resident of Marion county, nor that an execution against his property had issued to the county in which he resided, nor that he is a non-resident of the State. The case is not distinguishable from *Fowler* v. *Griffin*, 83 Ind. 297, in which it was held that a similar omission was fatal to the validity of the complaint. In that case the court said: "It is just as necessary that the complaint should show that the execution had issued to the proper county, as that it had issued at all."

The statute enables a judgment creditor to pursue an extraordinary remedy in aid of his execution, but he can only resort to this remedy by a substantial compliance with the law. *Mitchell* v. *Bray*, 106 Ind. 265; *Earl* v. *Skiles*, 93 Ind. 178; *Dillman* v. *Dillman*, 90 Ind. 585.

In support of the ruling of the court, it is contended that the omitted averments relate to or affect the jurisdiction of the court over the person of the judgment debtor. Hence, the argument proceeds, the objection to the complaint could have been reached only by a demurrer assigning as cause that the court had no jurisdiction over the person of the defendant, or by an answer to the jurisdiction as provided by

section 343, R. S. 1881. As applicable to this proceeding, the view thus urged is not sustainable.

Whenever it appears upon the face of a complaint, which in other respects states a cause of action, that the suit was commenced in the wrong county, or where the fact does not appear in the complaint, but can be shown nevertheless, then the proviso to section 343 applies. In such a case objection must either be taken by demurrer for want of jurisdiction, or by answer. The case before us does not come within that rule. The statute, as has been seen, requires that an affidavit shall be filed setting forth certain facts. In the verified complaint before us, certain facts necessary to be averred and proved, in order that the plaintiff might be entitled to the remedy which he is seeking to avail himself of, were omitted. When a pleading omits an averment which is necessary to establish the plaintiff's right, or entitle him to the remedy or redress demanded, the omission or defect may be reached by a general demurrer. Bliss Code Plead., section 413; 1 Works Pr., section 485.

Section 822, R. S. 1881, provides, in substance, that all proceedings under the act relating to proceedings supplementary to execution, after the order requiring parties to appear, shall be summary, without further pleadings. "But the sufficiency of the order and of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same." It will thus be seen that the statute does not permit pleadings as in ordinary civil actions. *Burkett* v. *Holman,* 104 Ind. 6, 11. The court tried the case upon this theory, and properly refused the defendants below permission to file answers in bar. There was, therefore, no propriety in holding that objection to the omissions above referred to must have been taken by answer. The demurrer, as it appears in the record, was a general demurrer. It was overruled, and an exception entered of record. There is nothing in the memorandum which the clerk has copied into the record, following the demurrer, or in what purports to

be a rule of court, which is also copied into the record, and which requires a brief statement of the points relied on to be filed with a general demurrer, which can exert any controlling influence on the question.

The statute prescribes the form of demurrer, and it may be doubted whether courts can by rule add to the form thus prescribed. Doubtless, if, in violation of a rule of court,— and possibly in the absence of any rule,—counsel upon request should refuse to state any ground of objection to the pleading to which a demurrer had been filed, it would be within the discretion of the court to reject the demurrer. *Sluss* v. *Shrewsbury*, 18 Ind. 79 ; *Uhrig* v. *Sinex*, 32 Ind. 493. The demurrer was, however, entertained by the court, and an exception taken and allowed to the ruling. The memorandum which follows in the record is no part of the demurrer. It is not signed by any one, and even if it had been, the demurrer as filed being general, the points stated in compliance with the rule could not have the effect to restrict the demurrer and make it a special instead of a general demurrer. True it is, that counsel owe it to the courts, and to themselves, to deal fairly and disclose the real grounds of objection to a pleading, but we know of no method by which they can be compelled to do so, either by rule of court or otherwise.

For the error in overruling the demurrer to the verified complaint the judgment is reversed. This conclusion renders it unnecessary that we should consider other questions made in the case.

Judgment reversed, with costs.

Filed May 25, 1887.