Hutchinson v. Trauerman.

Filed Sept. 30, 1887.

| 112 | 21 |
| 113 | 15 |
| 113 | 178 |
| 114 | 209 |
| 118 | 380 |
| 112 | 21 |
| 130 | 130 |
| 112 | 21 |
| 132 | 330 |
| 112 | 21 |
| 168 | 586 |

No. 12,984.

HUTCHINSON v. TRAUERMAN.

EXECUTION.—*Proceedings Supplementary.*—*Pleading.*—*Method of Testing Sufficiency of Affidavit.*—*Motion to Quash.*—*Practice.*—In a proceeding supplementary to execution, the statutory methods of testing the sufficiency of the order and affidavit, viz., by demurrer, motion to dismiss or motion to strike out, must be pursued, and a motion to quash the writ and order, not being authorized by the statute, should be overruled.

SAME.—*Civil Action.*—*Amendment of Affidavit.*—A proceeding supplementary to execution is a civil action, and the modes of procedure and rules of practice fixed by the code in civil actions are applicable to such proceeding, except where the statute on that subject has prescribed a different procedure and practice. Where, in such a proceeding, a demurrer has

been sustained to the original affidavit, the plaintiff may be allowed to amend and proceed as in other civil actions.

SAME.—*Special Finding of Facts and Conclusions of Law.—Practice.*—Upon the hearing of such a proceeding, the statute does not contemplate that either party may require the trial court to make a special finding of facts therein and state its conclusions of law thereon.

SUPREME COURT.—*Practice.—Reversal of Judgment on Evidence.*—Where the evidence does not sustain, or tend to sustain, the decision of the trial court on every material issue, the judgment will be reversed.

From the Allen Superior Court.

*W. G. Colerick, P. B. Colerick* and *J. M. Robinson,* for appellant.

*M. L. Graff,* for appellee.

HOWK, J.—This is a proceeding supplementary to execution, instituted in the court below by appellee, Trauerman, against Thomas J. Hutchinson, Mary A. Hutchinson and Theodore Hibeler. The hearing of the cause by the court resulted in a general finding for appellee as against the appellant, Mary A. Hutchinson, and that she had in her possession the sum of $120 in money belonging to said Thomas J. Hutchinson, the execution defendant, which he unlawfully and unjustly refused to apply to the satisfaction of the judgment mentioned in such proceeding; and as to the defendant Hibeler, the court found that he had no property in his possession belonging to said Thomas J. Hutchinson and was not indebted to him. Upon its finding herein, the court ordered and adjudged that appellant, Mary A. Hutchinson, should pay into court said sum of $120 to be applied to the satisfaction of said execution and judgment, and that appellee recover of said Thomas J. Hutchinson his costs herein expended.

From such order and judgment, Mary A. Hutchinson alone has appealed to this court and has here assigned a number of errors, and these errors we will consider in the order of their assignment, and decide the questions thereby presented.

1. The first error of which appellant complains is the overruling of her motion to quash the writ and order herein. This motion was in writing, upon the special appearance of the appellant herein, for the reason assigned in such motion "that, on the 24th day of June, 1885, the said plaintiff filed his affidavit and complaint in said cause, and that said writ issued upon an order of said court made at said time; that at the time of filing said complaint and the making of said order, and the issuing and service of said writ, said court was in regular session, and has been continuously since in regular session up to the 10th of July, 1885; that said writ issued on the 25th day of June, 1885, and was made returnable on the 7th day of July, 1885, and was served June 25th, 1885; and that there is no sufficient affidavit to authorize it." It is manifest, from the reason assigned in this motion, that its only object and purpose was to question "the sufficiency of the order and of the affidavit first filed by the plaintiff" herein. Ordinarily, no doubt, where a writ or order can only be issued upon an affidavit or verified complaint, a motion to quash such writ or order will properly call in question the sufficiency of such affidavit or complaint. *McGlennan* v. *Margowski*, 90 Ind. 150; *Milligan* v. *State, ex rel.*, 97 Ind. 355.

This is so in all such cases, we think, except where the statute authorizing and regulating the proceeding prescribes a different mode for testing " the sufficiency of the order and of the affidavit." In this latter case the statutory mode is, of course, the only mode which can be safely pursued, or which will properly present the question. *Storms* v. *Stevens*, 104 Ind. 46, and cases cited. Our statute authorizing and regulating proceedings supplementary to execution, after declaring that the proceedings in such a case "shall be summary, without further pleadings," expressly provides that "the sufficiency of the order and of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same." Section 822, R. S. 1881. It is cer-

tain, therefore, as it seems to us, that appellant's motion to quash the writ and order herein was not authorized by our statute; that such motion did not test the sufficiency of the affidavit first filed or of the order, and, therefore, that there was no available error in overruling such motion, even if such order or such affidavit were clearly insufficient.

2. It is next claimed on behalf of appellant, that the trial court erred in overruling the motion "to strike out the amended complaint and affidavit herein." This motion was in writing, and the only cause assigned therein for striking out such amended pleadings was, "that the law does not warrant the filing of the same, and that the court has no jurisdiction of the same." The motion to strike out, we think, was correctly overruled. It is settled by our decisions that a proceeding supplementary to execution, such as the case in hand, is a civil action. *Burkett* v. *Holman*, 104 Ind. 6; *Burkett* v. *Bowen*, 104 Ind. 184; *Bipus* v. *Deer*, 106 Ind. 135. The modes of procedure and rules of practice prescribed by our civil code in civil actions, therefore, are all applicable in a proceeding supplementary to execution, except where the statute authorizing and regulating such proceedings has expressly, or by fair construction, prescribed a different mode of procedure or rule of practice therein. The provisions of our statute in regard to proceedings supplementary to execution (sections 815 to 822 inclusive, R. S. 1881) are wholly silent in respect to the amendment of the plaintiff's affidavit or verified complaint in such a proceeding. This being so, we are of opinion that the provisions of section 394, R. S. 1881, were applicable to the case in hand, that it was competent for the court below to allow the appellee to amend his affidavit or complaint herein, and that the motion to strike out such amended pleading was, therefore, correctly overruled. *Crume* v. *Wilson*, 104 Ind. 583.

3. The third error, of which appellant complains, is the overruling of her motion for final judgment in her favor on sustaining the demurrer to the original complaint herein.

The statute governing proceedings supplementary to execution, as we have seen, provides that the sufficiency of the original affidavit may be tested by demurrer, but it does not provide what action the court shall take, if it shall sustain such demurrer and hold such affidavit to be insufficient. In such a case we think it was competent for the court, under the provisions of section 342, R. S. 1881, to allow the plaintiff to amend his original affidavit herein. There was no error, therefore, in the overruling of the motion for final judgment upon the sustaining of the demurrer to the original complaint herein.

4. It is next assigned as error, that the trial court neglected and refused to make a special finding of the facts and state its conclusions of law thereon, upon the proper request of the defendants herein. We are of opinion that there is no available error in this action of the court. Construing together all the provisions of our statute authorizing and regulating proceedings supplementary to execution, and considering the summary character of such proceedings, it must be held, we think, that it never was intended nor contemplated that, upon the hearing of such a proceeding, either party might require the trial court to make a special finding of facts therein and state its conclusions of law thereon. The statute provides that such supplementary proceedings may be instituted, heard and determined, and the proper orders made and enforced, by and before the judge of the court, in vacation, as well as by and before the court in session. Sections 815 to 822, inclusive, R. S. 1881. Our civil code nowhere authorizes or requires the judge of a court, in vacation, in any suit or proceeding which he may hear and determine in vacation, at the request of any party, to make a special finding of the facts and thereon state his conclusions of law. We are of opinion, therefore, that the provisions of our civil code requiring the special finding of facts and the statement of conclusions of law thereon, in an ordinary civil action, are not and were not intended to be applicable to proceed-

ings supplementary to execution, such as the proceedings under consideration. Upon the hearing of such proceedings the action of the court or of the judge in vacation " shall be summary." *McGlennan* v. *Margowski,* 90 Ind. 150, and cases there cited.

5. Finally, appellant's counsel earnestly insist that the finding and order of the trial court herein were not sustained by sufficient evidence. We have carefully examined and considered all the evidence appearing in the record, and we have reached the conclusion that this last point is well made and must be sustained. Without setting out or commenting on the evidence, we are of opinion that it does not sustain, nor tend to sustain, the decision and order of the court below on every material point in the case. In such a case, as we have often held, the judgment below must be reversed. *Butterfield* v. *Trittipo,* 67 Ind. 338; *Kitch* v. *Schoenell,* 80 Ind. 74; *Roby* v. *Pipher,* 109 Ind. 345.

The judgment is reversed, with costs, and the cause is remanded for a new trial or hearing, and for further proceedings not inconsistent with this opinion.

ZOLLARS, C. J., took no part in the decision of this cause.

Filed Oct. 15, 1887.