Steele *v.* McCarty.

judgment. *Shroyer* v. *Lawrence*, 9 Ind. 322; *Davis* v. *Davis*, 36 Ind. 160; *Wingo* v. *State, supra;* *Western Union Tel.* *Co.* v. *Locke, supra.*

Appeal dismissed.

Filed March 10, 1892.

———————◆———————

No. 15,617.

STEELE *v.* McCARTY.

EXECUTION.—*Sale of Judgment.—Action to Set Aside.—Sufficiency of Complaint.*—In an action to set aside the sale of a judgment on execution, a complaint alleging that the plaintiff did not give up the judgment to be levied on is sufficient under section 724, R. S. 1881, which provides that choses in action may be levied upon when given up.

SAME—*Sufficiency of Answer.*—An answer to such complaint, confessing that the plaintiff did not give up the judgment for levy and sale, and failing to allege any matter sufficient to avoid such confession, is bad on demurrer.

From the Clinton Circuit Court.

*S. O. Bayless, C. G. Guenther* and *J. V. Kent,* for appellant.

*T. H. Palmer* and *W. F. Palmer,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant to set aside the sale of a judgment made on execution by the sheriff of Clinton county.

It is alleged in the complaint, among other things, that at the time of the sale the judgment amounted to three hundred and fifty dollars, and that the same was amply secured by a mortgage upon real estate; that said judgment was struck off and sold to the appellant, who was the attorney of the execution plaintiff, for the sum of two dollars. The complaint also alleges that the appellee did not give up said judgment to be levied upon, and had no notice of the time or place of such sale until after it was made.

The sufficiency of the complaint is tested for the first time in this court by an assignment of error.

We think the complaint, when tested in this manner, is sufficient.

The judgment named in the complaint was not subject to levy and sale on an ordinary execution, unless given up by the appellee for that purpose, and unless so given up the levy and sale were void. *Johnson* v. *Crawford*, 6 Blackf. 377; *Marion T. P., etc., Co.* v. *Norris*, 37 Ind. 424.

The answer professes to be a plea by way of confession and avoidance, but it amounts to nothing more than an argumentative denial of the matters alleged in the complaint.

It admits that the appellee did not give up the judgment for levy and sale, but avers that it was levied upon by her direction and with her consent. A square denial of the allegations of the complaint upon this subject would have put at issue the vital question in the case. Section 724, R. S. 1881, provides that "Any debt or thing in action, legally or equitably assignable, may be levied upon, when given up by the defendant, and sold on execution, in the same manner as other personal property."

There are many matters alleged in the complaint, and many averments contained in the answer, which have no bearing upon the vital question in the case, and can not be considered.

Every pleading must proceed upon some single, definite theory, and must be good upon that theory if good at all. The complaint proceeds upon the theory that the sale of the judgment in question by the sheriff was void, because it had not been given up by appellee. The answer confessing that she did not give it up for levy and sale on the execution held by the sheriff, and failing to aver any matter sufficient to avoid such confession, was bad, and the court did not err in sustaining a demurrer thereto.

There is no error in the record, and the judgment of the circuit court is therefore affirmed.

Filed Feb. 27, 1892.