Filed Dec. 15, 1892.

---

No. 635.

## Balz et ux. *v.* Benninghof et al.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Statute Respecting Special Findings Not Applicable to.*—Proceedings supplemental to execution are classified as civil actions, and the rules of practice prescribed by the civil code are applicable, except where different rules are expressly provided by statute. The hearing in such proceedings is required by law to be summary, and the character of the judgment is expressly prescribed so that the provisions of law respecting special findings do not obtain.

SAME.—*Evidence.*—*Necessity of Issuance of Execution upon Judgment.*—*Affidavit Can Not be Resorted to to Supply Proof.*—Before a judgment creditor

is entitled to relief in a proceeding supplementary to execution, the evidence must show that an execution had been issued upon the judgment. The affidavit containing an allegation that an execution had issued and was then in the hands of the sheriff can not be resorted to for the purpose of supplying such proof. Facts are to be established in the trial of such proceedings in the same manner as in other civil actions.

From the Vanderburgh Circuit Court.

*A. Dyer,* for appellants.

*J. T. Walker,* for appellees.

CRUMPACKER, C. J.—Appellees commenced a proceeding supplemental to execution against appellants, alleging in their affidavit that they held a judgment against the appellant Peter Balz for $522.20, which was wholly unpaid; that they caused an execution to be issued upon said judgment to the sheriff of Vanderburgh county, which was then in the hands of such sheriff, in full force and wholly unsatisfied; that said Peter Balz was, at the time of the issuing of said execution and at the time of the commencement of said proceeding, the owner of a large sum of money, to wit, $3,000, which he had, with intent to delay and defraud his creditors, deposited in the People's Savings Bank of Evansville, in the name and to the credit of Julia Balz, his wife, and he wrongfully and fraudulently withheld said money from the reach of said execution, and refused to permit any part of it to be applied in satisfaction thereof; that said sum exceeded the amount allowed by law to said Peter Balz as exempt from execution, and that appellants were all residents of Vanderburgh county.

Julia Balz and the bank were made parties to the proceeding, and appeared thereto and answered.

Appellees had judgment ordering the application of a sufficient amount of the money on deposit, upon the execution, to satisfy the judgment.

It does not appear from the affidavit that the judgment

defendant did not have other property in that county, subject to execution, from which the judgment might have been satisfied, and for that reason it is fatally defective. To justify a resort to the extraordinary proceeding invoked in this case the defendant must have been destitute of other leviable property than that sought to be reached. *Earl* v. *Skiles*, 93 Ind. 178; *Cushman* v. *Gephart*, 97 Ind. 46; *Taylor* v. *Johnson*, 113 Ind. 164.

This question, though preserved in the record in various methods, is not discussed by counsel for appellants and under the rules of this court can not be treated as available, but it is adverted to in order that the affidavit may not *seem* to have the implied approval of this court.

The court found the facts specially, and it is insisted that the finding does not support the judgment, because it does not appear that an execution had been issued on the original judgment. Proceeding supplemental to execution are classified as civil actions, and the rules of practice prescribed by the civil code are applicable except where different rules are expressly provided by statute.

The hearing in such proceedings is required by law to be summary, and the character of the judgment is expressly prescribed, so the provisions of law respecting special findings do not obtain in such cases. *Hutchinson* v. *Trauerman*, 112 Ind. 21.

This being the practice, the special finding in this case is supererogatory, and must be treated as a general finding.

It is contended by counsel for appellants that the finding is not supported by sufficient evidence.

There was no evidence whatever showing or tending to show that an execution had been issued upon the judgment. The affidavit in this case is based upon section 816, R. S. 1881, which provides that an execution must have been issued, and that it shall be in the hands of the sheriff un-

satisfied in whole or in part at the time the proceeding is instituted. Sections 815 and 819 provide for proceedings based upon the return of an execution *nulla bona,* but in all cases it must appear that the judgment creditor had been unable to collect his judgment by the ordinary process before resort may be had to the extraordinary proceeding provided by the statute. There must be a necessity for the supplemental proceeding and such necessity can not exist in contemplation of law until an attempt has been made to collect the judgment by execution. *Fowler* v. *Griffin,* 83 Ind. 297 ; *Dillman* v. *Dillman,* 90 Ind. 585 ; *Pouder* v. *Tate,* 111 Ind. 148 ; *McKinney* v. *Snider,* 116 Ind. 160.

In the case of *Dillman* v. *Dillman, supra,* the court, by BLACK C., said : " To entitle himself to the relief afforded under this statutory and summary proceeding, the judgment creditor must have need to resort to it for the satisfaction of his judgment. In all cases an execution must have been issued."

The affidavit, which alleged that an execution had issued and was then in the hands of the sheriff, can not be resorted to for the purpose of supplying the proof. Facts are to be established in the trial of such proceedings in the same manner as in other civil actions. It is provided in the civil code (section 360, R. S. 1881) that " Pleadings sworn to by either party in any case shall not, on the trial, be deemed proof of the facts alleged therein, etc."

For such failure of proof the judgment is reversed, with instructions to sustain the motion for a new trial.

Filed Dec. 2, 1892.