Filed February 19, 1896.

No. 1,957.

## HARPER ET AL. *v.* BEHAGG.

APPELLATE PROCEDURE.—*Judgment.*—*When Appealable.*—*Proceeding Supplementary to Execution.*—A judgment in proceedings supplementary to execution, under section 831, R. S. 1894, ordering a debtor of the judgment debtor to pay the judgment from the first moneys to become due on the debt, is appealable.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—*An Independent Action.*—A proceeding supplementary to execution, under section. 831, R, S. 1894, is an independent action and not a part of the original case.

APPELLATE PROCEDURE.—*Proceeding Supplementary to Execution.* —*Jurisdiction.*—The jurisdiction of an appeal from judgment in proceedings supplementary to execution, under section 831, R. S. 1894, instituted in the circuit court, is in the Appellate Court, although the judgment in the original action was obtained before a justice of the peace, and is for less than $50.

PLEADING.—*Complaint.*—*Proceeding Supplementary to Execution.*— *Necessary Averment.*—A complaint in a proceeding supplementary to execution, under section 831, R. S. 1894, must aver that the execution upon the original judgment was issued to the county in which the debtor resides, or, if he does not reside in the State, to the county where the judgment was rendered.

Harper *et al. v.* Behagg.

From the Vanderburg Circuit Court.

*S. R. Hornbrook* and *W. M. Wheeler,* for Harper.

*J. T. Walker* and *J. T. Cutler,* for appellee.

GAVIN, C. J.—Appellee obtained a judgment before a justice of the peace for less than $50. A transcript of this judgment was filed in the Vanderburg Circuit Court upon which execution was issued October 5, 1895, and returned by the sheriff no property found. Appellee thereupon filed in said court his affidavit setting up these facts, and that appellant Miller of said county was indebted to the judgment defendant in a large sum, to-wit, about $1,900, etc. Wherefore he asked to have the same applied upon the judgment.

To the complaint, appellant Harper filed her separate demurrer which was overruled with an exception. Upon a hearing the court found in favor of appellee, and that Miller was indebted to her $1,550, and ordered him to pay to the clerk from the first moneys due, which would be on January 2, 1896, the full amount of said judgment and costs.

The proceeding is one known as supplementary to execution, under section 831, R. S. 1894, section 819, R. S. 1881.

The judgment rendered is a final judgment, absolute and unconditional, ascertaining and determining the rights of the parties as to the matters in issue, and adjudging that Miller must pay a fixed sum at a specified date. The numerous cases of appeals in proceedings of this character settle beyond question that appeals will properly lie from such judgments.

The case of *Pursell* v. *Pappenheimer,* 11 Ind. 327, might be authority for holding the judgment below to be erroneous by reason of the non-maturity of the debt,

but it certainly does not sustain appellee's position that it is not final nor appealable, since an appeal was there taken and the cause reversed.

The proceeding cannot be regarded as a continuation of the original action or a mere incident to it. While it is true that it is in aid of the original judgment and its purpose is to compel the payment of that judgment, the adjudications in this State have definitely determined that it is an independent action and not a part of the original case. *Pounds* v. *Chatham*, 96 Ind. 342; *Chicago, etc., R. W. Co.* v. *Summers*, 113 Ind. 10.

Although under the code since 1881, the mode of procedure is summary and without formal issues other than the complaint or affidavit and demurrer or motion to dismiss or strike out to test its sufficiency (section 834, R. S. 1894), yet it is a civil action. *Burkett* v. *Holman*, 104 Ind. 6; *Baker* v. *State, ex rel.*, 109 Ind. 47; *Hutchinson* v. *Trauerman*, 112 Ind. 21; *Balz* v. *Benninghof*, 5 Ind. App. 522.

In various respects these proceedings have been held to possess the attributes of the ordinary civil action so far as is in harmony with the special provisions of the code governing them. Thus, they may be commenced in a county other than that in which the judgment was rendered. *Cooke* v. *Ross*, 22 Ind. 158. Changes of venue are permitted in them; *Burkett* v. *Holman, supra; Burkett* v. *Bowen*, 118 Ind. 379; *Kissell* v. *Anderson*, 73 Ind. 485.

Third persons may be brought in, and, under proper averments, their rights determined as to the property or money in controversy. *Harris* v. *Howe*, 2 Ind. App. 419; *American White Bronze Co.* v. *Clark*, 123 Ind. 230; *Burkett* v. *Bowen, supra; McMahan* v. *Works*, 72 Ind. 19.

A jury trial may be demanded. *American White*

*Bronze Co.* v. *Clark, supra; McMahan* v. *Works, supra.* The affidavit may be amended. *Burkett* v. *Bowen, supra; Hutchinson* v. *Trauerman, supra.*

But by the case last cited, and *Balz* v. *Benninghof, supra,* it is decided that special findings and conclusions of law thereon are not appropriate.

This being then an independent action commenced in the circuit court, an appeal lies to this court, even though the amount in controversy be less than $50. This cannot be regarded as a mere incident to the original action, so as to come within the principle of *Jones* v. *City of Tipton,* 13 Ind. App. 392, and *ex parte Kiley and Slattery,* 135 Ind. 225, where an action to review a judgment was held to be incidental to the main action and the jurisdiction on appeal, therefore, in the same court which would have had jurisdiction of the appeal of the main action. A bill to review simply brings before the court again the merits of the original action. It is but one step in arriving at a just result in that action; but in this proceeding the merits of the original action are in no way involved. New issues are presented, new parties brought in, and new rights determined, the adjudication of which in no way interferes with or alters the face of the original judgment. As to what is said by the learned judge in the Kiley case, concerning the similitude of proceeding supplementary to execution, it is plain that he simply means that in such proceedings a right to equitable relief may be merely an incident to those proceedings, not that those proceedings are incidents to the original action to which they relate. If there be any room for doubt as to this, it is removed by a reference to the authorities there cited which decide this and nothing more.

It is averred in the complaint that an execution had been issued upon the judgment and returned unsatis-

fied, but the complaint wholly fails to indicate whether or not it issued to the sheriff of the county in which the debtor resides, or that he was a nonresident of the State.

While section 831 does not contain any limitations as to the county to which the execution must have been issued, yet the Supreme Court (evidently construing together all the sections upon this subject) has expressly adjudged that it is absolutely essential that the execution shall have issued to the county in which the debtor resides, or if he do not reside in the State, then to the county wherein the judgment was rendered and that this fact must appear in the complaint.    *McKinney* v. *Snider*, 116 Ind. 160 ; *Pouder* v. *Tate*, 111 Ind. 148 ; *Fowler* v. *Griffin*, 83 Ind. 297 ; *Folsom* v. *Clark*, 48 Ind. 414.

In the cases cited by appellee to sustain the complaint, the point here considered was not in controversy nor determined by the court.

Judgment reversed, with instructions to the trial court to grant leave to amend the complaint.

