## BECKMAN SUPPLY COMPANY *v.* NEWELL ET AL.

[No. 9,514.   Filed March 12, 1918.   Rehearing denied June 28, 1918.
Transfer denied December 13, 1918.]

1. EXECUTION.—*Proceedings   Supplemental. — Pleadings.* — Under
§865 Burns 1914, §822 R. S. 1881, in a proceeding supplemental to
execution, formal pleadings are unnecessary, other than the affi-
davit or verified complaint on which the order to appear is issued
and the demurrer and motions authorized by the statute to test
the sufficiency of the order and affidavit.   p. 684.

2. EXECUTION.—*Proceedings Supplemental.—Procedure.*—The rules
of civil procedure apply in proceedings supplemental to execution
where the statute has not expressly, or by fair implication, indi-
cated the procedure contemplated.   p. 685.

3. EXECUTION.—*Proceedings   Supplemental.—Findings   and   Con-
clusions.—Right to Require.*—Neither party to a proceeding sup-
plemental to execution has the right to require the trial court to
make a special finding of facts and state its conclusions of law
thereon under the provisions of the Civil Code; and where a spe-
cial finding of facts is made in such a proceeding it will be treated
as a general finding only.   p. 685.

4. EXECUTION.—*Proceedings Supplemental.—Unauthorized Plead-
ings.*—In a proceeding supplemental to execution, where pleadings
other than those authorized by the statute are filed, they may be
disregarded.   p. 686.

5. ASSIGNMENTS.—*Executory   Contract.—Assignment.—Validity.—
Statute.*—Under §9071 Burns 1914, §5501 R. S. 1881, providing
that all written promises shall be negotiable by indorsement, a
valid, subsisting executory agreement in writing for the improve-
ment of a sidewalk may be assigned by the contractors for the
work, even though no payment was due them at the time the
assignment was made.   p. 687.

6. EXECUTION.—*Executory   Contract.—Lien   on   Proceeds.*—Under
§728 Burns 1914, §686 R. S. 1881, giving a lien on the goods and
chattels of an execution defendant within the jurisdiction of an
officer from the time of the delivery of the execution to him, a
judgment creditor, by virtue of its execution in the hands of the
sheriff prior to the assignment by the judgment debtor of an
executory contract for certain improvement work under which
no payment was due, did not acquire a valid and enforceable lien
for funds to become due the judgment debtor for work and
materials to be thereafter furnished by him under the contract,

since there was no existing debt under the contract, which might never be performed so as to make effectual the obligation to pay. p. 688.

7. EXECUTION.—*Levy.—Executory Contract.—Statute.*—A debt evidenced by an executory contract for certain improvement work could be reached by the contractor's judgment creditor only under the provisions of §766 Burns 1914, §§774 R. S. 1881, providing that any debt or thing in action, legally or equitably assignable, may be levied upon, when given up by the defendant, and sold on execution, in the same manner as other personal property. p. 690.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by the Beckman Supply Company against James Newell and others. From the judgment rendered, plaintiff appeals. *Affirmed.*

*William J. Whinery,* for appellant.
*Frank B. Pattee,* for appellees.

FELT, J.—This is a proceeding supplemental to execution brought by appellant against James and John Newell, partners doing business under the name and style of Newell Brothers, Henry P. Downey and A. Portz, partners doing business under the name of Downey and Portz Company, the Grasselli Chemical Company, a corporation, and a number of other defendants.

The verified amended complaint alleges in substance that on October 19, 1914, appellant recovered a judgment in the Lake Superior Court against Newell Brothers, aforesaid, for $654.59; that on February 20, 1915, it caused an execution to be issued thereon, and the same was delivered to the sheriff of Lake county, Indiana, in which county said Newell and Newell resided; that the same was wholly unsatisfied when the complaint was filed; that on July 22, 1915, appellant caused an alias execution to be issued on

said judgment, and thereupon said first execution was duly returned unsatisfied; that said judgment is unpaid, and the sheriff still holds said alias execution, and the same is unsatisfied; that Downey and Portz are residents of Lake county, Indiana, and are indebted to Newell Brothers in the sum of $500; that the Grasselli Chemical Company is a resident of Lake county, Indiana, and is indebted to said Newell Brothers in the sum of $1,500; that said Newell Brothers, as partners, are not entitled to claim any property as exempt from execution; that the defendants Henry P. Downey, A. Portz, partners, James Cunningham, Arthur Hatfield, Frank Hatfield, William Buehring, Joe Minch, Harry Blodgett, Jacob Wiker, Axel Anderson, Kussman Krevice, Lawrence Stoeker and George Manke, each claim some interest in and to the said sum of money due from the defendant Grasselli Chemical Company to said Newell Brothers, the exact nature of which claims is unknown to plaintiff; that said claims are unfounded and are junior to the rights of plaintiff; that said parties are made defendants hereto to answer as to their rights, if any, in the premises.

Downey and Portz filed a cross-complaint, which they dismissed before the court announced its finding. The Grasselli Chemical Company filed an interpleader asking to be permitted to pay the sum due from it into court and be discharged from further liability. It thereafter filed an answer of general denial to the amended complaint.

Downey and Portz also filed a special answer in which they alleged in substance that Newell Brothers were financially embarrassed and had assigned to them the sum of money due from Grasselli Chemical·

Company; that they were the owners thereof and entitled to payment of the same.

To this answer appellant filed a reply in two paragraphs, the first of which was a general denial. The second paragraph alleges in substance that in June, 1915, Newell Brothers entered into a written contract with the Grasselli Chemical Company to construct a sidewalk along and upon its real estate, for the sum of $1,018.70, and entered upon the work; "that on the 17th day of July, 1915, with the intent to cheat, hinder, delay and defraud their creditors, including this plaintiff, the said defendants Newell and Newell purported to assign the proceeds of said contract to defendants Downey and Portz; that said Downey and Portz received and accepted said assignment with full knowledge and notice that said purported assignment was so made with intention to hinder, delay and defraud the creditors of said defendants Newell and Newell, including the plaintiff; that at the time of making said purported assignment, said Newell and Newell were insolvent and were without sufficient other property, goods and chattels, to pay their then existing debts, including the claim of plaintiff, all of which said defendants Downey and Portz well knew; that by said assignment of the proceeds of said contract, said Newell and Newell divested themselves of all power and property with which plaintiff's claim herein might be paid; that at the time of said purported assignment, said defendants Newell and Newell did not then have, nor have they since had, nor have they now sufficient other property, subject to execution, with and out of which to pay their then present and existing debts, including the claim of plaintiff herein;

that at the time of making said purported assignment said defendants Newell and Newell, copartners, had no other property whatsoever, subject to execution, all of which was well known to said Downey and Portz, and to said Newell and Newell.''

Newell and Newell also filed a special answer in which they alleged in substance that the property belonging to them as partners is covered by chattel mortgage in the sum of $3,800; that they are indebted to Downey and Portz in the sum of $5,000; that they claim no right to the money held by Grasselli Chemical Company, and prior to the commencement of this proceeding they assigned said sum for a valuable consideration to said Downey and Portz.

Appellant replied to such answer by general denial. The other defendants filed a general denial to the complaint. The other defendants to the amended complaint also filed cross-complaints, which were dismissed before the trial of the case. The plaintiff also dismissed its complaint as to Lake County Savings and Trust Company.

The plaintiff requested the court to find the facts specially and state its conclusions of law thereon, which request was granted. The cause was tried on October 27, 1915, on the issues formed on the amended complaint and the cross-complaint of Downey and Portz. The case was taken under advisement by the court. On November 1, 1915, Downey and Portz dismissed their cross-complaint, and moved the court to strike out plaintiff's request for a special finding of facts. The court thereafter sustained said motion, to which ruling appellant excepted. The court made a general finding, that plaintiff take nothing by its complaint and that the funds in the hands of Grasselli

Chemical Company be paid to Downey and Portz. Appellant's motion for a new trial was overruled, and judgment rendered in accordance with the aforesaid finding.

Appellant has assigned as error:    (1) The overruling of its motion to require Downey and Portz to make their special answer more specific; (2) overruling appellant's demurrer to the special answer of Downey and Portz; (3) sustaining the motion to strike out its request for a special finding of facts and conclusions of law, and in refusing to make a special finding of facts and state conclusions of law thereon; (4) overruling appellant's motion for a new trial; (5) sustaining the motion of Downey and Portz to modify the final judgment rendered on November 26, 1915, and in modifying said judgment.   This suit was brought in pursuance of the provisions of §859 *et seq.* Burns 1914, §816 R. S. 1881.

Section 822 R. S. 1881, being §865 Burns 1914, is as follows:   "Costs shall be awarded and taxed in this proceeding as in other cases; and all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses.   But the sufficiency of the order and of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same."

This section expressly dispenses with formal pleadings other than the affidavit or verified complaint on which the order was issued, and the demurrer and motions authorized by its provisions for the purposes therein stated.   *Wallace* v. *Lawyer* (1883), 91 Ind.

128, 130; *Burkett* v. *Holman* (1885), 104 Ind. 6, 11, 3 N. E. 406; *Pouder* v. *Tate* (1887), 111 Ind. 148, 150, 12 N. E. 291; *Burkett* v. *Bowen* (1889), 118 Ind. 379, 381, 21 N. E. 38.

In *Burkett* v. *Holman, supra,* our Supreme Court said: "All of this section 822, except so much thereof as relates to the award and taxation of costs, is new legislation, that is, it is not to be found in the old code of 1852, but appears for the first time in the civil code of 1881. So much of the section as relates to costs is a literal re-enactment of section 525 in the civil code of 1852. 2 R. S. 1876, p. 232. The new legislation in such section is what may be called a legislative overruling, by implication, of the decisions of this court, in *Toledo, etc., R. W. Co.* v. *Howes, supra* (68 Ind. 458) and the cases which follow it. That is, contrary to the decisions of this court in the cases cited, that pleadings might be filed and issues of law or fact formed, in such suits as the one at bar, section 822 provides, in effect, that there shall be no pleadings filed in such cases, except that the sufficiency of the plaintiff's affidavit or verified complaint 'may be tested by demurrer, or motion to dismiss or strike out the same.' "

2. The rules of civil procedure apply in proceedings supplemental to execution, where the statute has not expressly, or by fair implication, indicated the procedure contemplated.

Based on the summary character of the proceeding authorized by the statute, *supra,* it has been held that neither party to such proceedings has the right 3. to require the trial court to make a special finding of facts and state its conclusions of law thereon, under the provisions of our Civil Code.

*Hutchinson* v. *Trauerman* (1887), 112 Ind. 21, 25, 13 N. E. 412; *Chicago, etc., R. Co.* v. *Summers* (1887), 113 Ind. 10, 15, 14 N. E. 733, 3 Am. St. 616; *Balz* v. *Benninghof* (1892), 5 Ind. App. 522, 524, 32 N. E. 595; *Harper* v. *Behagg* (1895), 14 Ind. App. 427, 429, 430, 42 N. E. 1115; *Berry* v. *Berry* (1896), 147 Ind. 176, 178, 46 N. E. 470. Where a special finding of facts has been made in such a proceeding it will be treated as a general finding only. *Balz* v. *Benninghof, supra.*

Where pleadings other than those authorized by the statute are filed they may be disregarded. *Wallace* v. *Lawyer, supra; Balz* v. *Benninghof, supra.* From the foregoing propositions it follows that the court did not err as alleged in appellant's first, second and third assignments.

The propositions above announced necessarily dispose of all the grounds of appellant's motion for a new trial adversely to its contention, unless it be the fifth and sixth, viz., that the decision of court is not sustained by sufficient evidence; that it is contrary to law.

Appellant contends that the undisputed evidence shows that by virtue of the execution on its judgment in the hands of the sheriff, it acquired and held a valid lien on the proceeds of the contract between Newell Brothers and Grasselli Chemical Company, which was superior to the right of Downey and Portz acquired by the assignment to them of the improvement contract; that such assignment was void because it was only an agreement to assign a mere possibility, which did not have even a potential existence; that the assignment by Newell Brothers to

Downey and Portz was fraudulent as against appellant.

The evidence shows without controversy that the first execution issued on .appellant's judgment was returned unsatisfied on July 22, 1915, and that an *alias* execution was issued. thereon on the same day and placed in the hands of the sheriff. Also that this suit was filed and process issued thereon and served on the same day.

The evidence also shows that the Grasselli Chemical Company let to Newell Brothers a contract for constructing a sidewalk, on June 28, 1915, for the sum of $1,018.70; that the amount to be paid Newell Brothers under said contract was by them duly assigned to Downey and Portz, for value received, on July 17, 1915; that no material had been used on said improvement at the time of such assignment, but the work of grading had been commenced prior thereto; that thereafter Newell Brothers completed said work according to contract, and the material therefor and the money for payment of labor was furnished by Downey and Portz.

The Grasselli Chemical Company admitted that it owed the full amount of the contract and was ready and willing to pay the same in accordance with the order of the court. The insolvency of Newell Brothers was proved and uncontroverted.

The contract for the improvement of the sidewalk was more than a mere possibility of something to be secured in the future. It was a valid, subsisting, executory agreement between the parties. True, no payment was due under it at the time of the assignment, but that in no way affected the validity of the assignment. §9071 Burns 1914,

Acts 1897 p. 233; *Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, 540, 64 N. E. 11; *Kreig* v. *Palmer Nat. Bank* (1912), 51 Ind. App. 34, 40, 95 N. E. 613.

But appellant further contends that, if the assignment was valid, Downey and Portz took it subject to the lien of the execution issued upon its judgment against Newell Brothers.

Appellant does not claim that any payment was due under the contract at the time the assignment was made, but asserts that by virtue of the execution in its favor, in the hands of the sheriff of the county, it acquired a lien on the funds in the hands of the Grasselli Chemical Company prior to the date of the assignment to Downey and Portz, by virtue of §728 Burns 1914, §686 R. S. 1881. This section gives a lien on the "goods and chattels" of an execution defendant within the jurisdiction of the officer from the time of the delivery of the execution to such officer. Section 766 Burns 1914, §724 R. S. 1881, provides that: "Any debt or thing in action, legally or equitably assignable, may be levied upon, when given up by the defendant, and sold on execution, in the same manner as other personal property."

In any view that may be taken of the nature of the instrument or contract in question, appellant, by virtue of its execution in the hands of the sheriff, prior to the assignment to Downey and Portz, did not acquire a valid and enforceable lien against the funds to come due from Grasselli Chemical Company for work to be performed and material to be furnished thereafter under such contract. Nothing was due at the time the assignment was made, and there-

fore there was nothing to which the lien of the execution could attach, even if it should be conceded— which is not the case—that the lien of the execution would attach to funds in the hands of Grasselli Chemical Company due under the construction contract by virtue of §728, *supra*.

The contract was executory, and the amount to become due thereunder was potential rather than actual. There was no existing debt against the Grasselli Chemical Company at that time, for its obligation to pay depended upon the performance of the conditions of the contract, which had not then been executed, and which might never be performed so as to make effectual the obligation of the chemical company to pay. 17 Cyc 940, 968, 971; *Paine* v. *Gunniss* (1895), 60 Minn. 257, 62 N. W. 280; *Hasbrouck* v. *Bouton* (1871), 60 Barb. (N. Y.) 413; *Keck* v. *State, ex rel.* (1894), 12 Ind. App. 119, 125, 39 N. E. 899; *Bay* v. *Saulspaugh* (1881), 74 Ind. 397, 399; *Marion Tp. Union Drainage Co.* v. *Norris* (1871), 37 Ind. 424, 431, 432; *Steele* v. *McCarty* (1892), 130 Ind. 547, 548, 30 N. E. 516.

In *Paine* v. *Gunniss, supra,* the essential facts were similar to those of the case at bar, and the Supreme Court of Minnesota said: "Was this attempted levy, made by the sheriff, a valid and effectual one? We are of the opinion that it was not. At the time when this attempted levy was made, there was nothing due or payable to the contractors or the receiver upon the contract, and whether there ever would be was contingent upon its further performance, * * * neither the inchoate contingent claim on the contract nor the claim for unliquidated damages was subject to levy, * * * whether they would earn any more

money upon the contract would depend upon their power and ability to do so. It was therefore a contingency depending upon the will and ability of the contractors to go on with the work.''

By virtue of the execution in the hands of the sheriff as aforesaid, appellant acquired no lien upon or right to the proceeds to be derived from the carrying out of the improvement contract. The debt evidenced thereby could only be reached by means of the provisions of §766, *supra*. Such obligations or debts are leviable only upon the condition that the execution defendant give them up. There is no claim that this condition of the statute was complied with in the case at bar. *Vansickle* v. *Shenk* (1898), 150 Ind. 413, 416, 50 N. E. 381; *Steele* v. *McCarty, supra; Marion Tp. Union Drainage Co.* v. *Norris, supra*.

The assignment was not fraudulent as against appellant. The decision of the court is supported by sufficient evidence.

Appellant, having failed to make out its case under the law, could not in any view of the case have been harmed by the action of the court in modifying the judgment so as to make the money due from the Grasselli Chemical Company payable to Downey and Portz instead of to the clerk of the court.

We find no reversible error. Judgment affirmed.

NOTE.—Reported in 118 N. E. 962.