KENNETH M. COLDREN *v.* AMERICAN MILLING RESEARCH & DEVELOPMENT INSTITUTE, INC., AND LML ENGINEERING & MANUFACTURING CO.

[No. 3-974A147. Filed July 24, 1978.]

---

2. *See* Disciplinary Rule 7-102(A)(4), Indiana Code of Professional Responsibility.

*John R. Nesbitt, J. Phillip McGraw*, of Rensselaer, *Robert Harris*, of Boulder, Colorado, for appellant.

*John A. Young, David Peebles*, of Fort Wayne, for appellee.

GARRARD, P.J. — This action was commenced by American Milling (AMR) against LML Engineering (LML) for breach of a contract licensing LML to manufacture and market a grain reconstitutor. LML caused Coldren to be made a party so that ownership of the prospective patent could be fully determined. Issues were then formed between AMR and Coldren whereby each claimed ownership of the prospective patent.

While these proceedings were pending, Coldren brought a separate suit against AMR for non-payment of a promissory note and secured a judgment thereon. He then instituted proceedings supplementary to execution. As a result thereof he purchased from the sheriff at the ensuing sale of all AMR's right, title and interest in both the patent application and in the license agreement with LML. He then moved the court for dismissal of this action on the ground it had become moot and attached as exhibits the sheriff's certificate of sale showing that he and Jann P. Coldren had purchased AMR's rights for $21,375.

The court denied this motion and proceeded to trial on the underlying claims. On the evidence heard it found for AMR and entered judgment accordingly. On appeal Coldren claims error in the court's refusal to dismiss the action. AMR responds with the assertion that intangibles, or choses in action, are not subject to levy for execution unless they are voluntarily proffered by the debtor. Since there was no proffer by AMR, it contends the sheriff's sale was ineffective and dismissal was properly denied. In support of this contention AMR cites *Beckman Sup-*

*ply Co. v. Newell* (1918), 68 Ind. App. 679, 118 N.E. 962; and IC 34-1-36-6 (Acts 1881).[1]

In order to properly understand and resolve AMR's contention it is necessary to recall the historical distinction between execution and proceedings supplementary and their ramifications. The distinctions persist even though modern practice has tended to simplify the procedures that enable a judgment creditor to collect his judgment.[2] Thus, the judgment creditor secures a lien upon the goods and chattels of the debtor when an execution is issued (IC 34-1-34-9); but not upon his property which is not subject to execution. *Beckman Supply Co. v. Newell, supra.*

Historically, the common law did not permit a judgment creditor in a court of law to levy execution upon choses-in-action. *See, e.g., Ager v. Murray* (1882), 105 U.S. 126, 2 S. Ct. 47, 26 L. Ed. 942; *Keightly v. Walls* (1866), 27 Ind. 384.

To solve the problem thereby created, some courts permitted the creditor in such an instance to proceed by a bill in equity to reach the thing of value possessed by his debtor and not subject to execution. *See Ager v. Murray, supra.* However, other jurisdictions, including Indiana, did not recognize this equitable remedy. *Keightly v. Walls, supra; Shaw v. Aveline* (1854), 5 Ind. 380.

They, instead, turned to the legislature and to statutory provisions to permit proceedings supplementary to execution. As our Supreme Court stated in *Keightly*,

> "A defendant might be worth millions, and yet, if his wealth consisted of choses in action, he could successfully defy his creditors. [citations omitted.] The remedy afforded here, for the state of the law thus declared, is found in proceedings supplementary to execution." 27 Ind. at 386.

The present Indiana statute, IC 34-1-44-2, enables the court (and judgment creditor) on proceedings supplemental to reach any "property

---

1.  The statute provides, "Any debt or thing in action, legally or equitably assignable, may be levied upon, when given up by the defendant, and sold on execution, in the same manner as other personal property."
2.  For example, it is no longer a prerequisite to proceedings supplementary that the creditor cause an execution to issue, and have an unsuccessful levy by the sheriff. Indiana Rules of Procedure, Trial Rule 69.

or income or profits" which the debtor "unjustly refuses to apply toward the satisfaction of the judgment."

There can be no doubt that patent rights or license rights issued thereunder constitute property that may be reached thereunder. *See* 35 U.S.C.A. § 261; *Ager, supra; McClaskey v. Harbison-Walker Refractories Co.* (3rd Cir. 1943), 138 F. 2d 493.

AMR misreads *Beckman Supply Co.* as reaching a contrary conclusion. It is true that the plaintiff there was appealing an adverse determination in proceedings supplementary to execution whereby he was attempting to reach his debtor's rights in an executory construction contract. However, the debtor answered specially that he had already assigned his rights to another creditor, and this was sustained by the evidence. Thus, the question before the court was not whether the rights could be reached by proceedings supplemental. Instead the question was whether Beckman had secured a judgment lien on the contract rights by virtue of the execution that had been issued prior to the assignment and prior to the proceedings supplemental. In holding there was no lien the court was merely enforcing the traditional law of execution as modified by Section 766, Burns 1914 (now IC 34-1-36-6).

In summary then, while patent and contract rights have traditionally been unavailable to a judgment creditor upon simple execution unless the judgment debtor volunteers their availability, they are available to satisfy the judgment through proceedings supplementary to execution. *Keightly v. Walls, supra.*

It follows that when Coldren, as a result of proceedings supplemental, purchased AMR's rights in the patent and contract, AMR no longer had an interest in the litigation. The controversy was moot since LML had conceded its liability and sought only a determination of to whom the royalties were properly payable. Accordingly the court erred in refusing to dismiss the action.

The judgment is therefore reversed with instructions to dismiss the action with costs taxed to Coldren.

Hoffman, J. concurs;

Buchanan, C.J. (sitting by designation) concurs.

NOTE—Reported at 378 N.E.2d 870.