In re the MARRIAGE OF Paul HUDAK, Appellant-Petitioner,

and

Sharon Hudak, Appellee-Respondent.

No. 3–1280A377.

Court of Appeals of Indiana, Third District.

Dec. 14, 1981.

George T. Patton, South Bend, for Sharon DeLater.

Timothy P. McLaughlin, Smith & McLaughlin, South Bend, for Paul Hudak.

STATON, Judge.

Sharon DeLater, formerly Sharon Hudak, appeals the trial court's entry of a garnishment order in favor of her ex-husband, Paul Hudak. On appeal, Sharon raises the following issues for review:

(1) Did Paul have a valid judgment upon which the trial court could have issued a garnishment order?

(2) Did the trial court err in denying Sharon's motion for written findings of fact?

(3) Was there sufficient evidence to support the garnishment order?

We reverse.

This appeal presents issues similar to those raised in a previous appeal involving Sharon and Paul. *DeLater v. Hudak* (1980), Ind.App., 399 N.E.2d 832. The first appeal arose out of the same factual circumstances as does the present appeal. Sharon and Paul incurred jointly a debt owed to FBT Capital Finance Company. Their dissolution decree required Sharon to pay the balance of the FBT debt and to hold Paul harmless for this obligation. When Sharon failed to pay the FBT debt, FBT garnisheed Paul's wages to recover the amount due. Paul then commenced a proceedings supplemental to execution against Sharon and her employer RACO Incorporated, to remedy Sharon's failure to satisfy the FBT debt. The trial court ordered the garnishment of Sharon's wages for the amount garnisheed from Paul's wages by FBT. On appeal, this Court (Fourth District) reversed the trial court's entry of a garnishment order because Paul did not have a valid judgment against Sharon and for the additional reason that the order was not supported by sufficient evidence.

After the first appeal terminated, Paul refiled a motion in proceedings supplemental to execution in which he alleged that he held an unsatisfied judgment in the sum of $2,344.38 against Sharon. Paul's motion was based on the same facts involved in the appeal of the first garnishment order. On November 20, 1980, the trial court conducted a hearing on Paul's motion and thereafter entered a garnishment order for $2,370.38 in Paul's favor. Sharon commenced this appeal from that order.

## I.

### Judgment

██ Sharon contends the trial court erred in entering the garnishment order because Paul did not have a valid judgment against her. Sharon's contention is predicated upon the trial court's failure to make an order book entry which reflected the

granting of a judgment in Paul's favor on August 25, 1980. However, a supplemental record filed in the present case reveals that on February 27, 1981, the trial court made a *Nunc pro tunc* entry of the judgment on which Paul relies. The judgment awarded Paul $2,344.38 for Sharon's failure to satisfy the FBT debt which the dissolution decree required her to pay. Sharon has not challenged the *Nunc pro tunc* entry of judgment. Thus, this Court concludes the absence of an order book entry of the judgment was cured by the trial court's *Nunc pro tunc* entry of the August 25, 1980, judgment. Paul therefore held a valid judgment against Sharon.

## II.

### Findings of Fact

■ Sharon contends the trial court erred in rejecting her request for written findings of fact pursuant to Trial Rule 52(A). Sharon's contention is without merit in light of the following directive of the Indiana Supreme Court:

> "[T]he provisions of our Civil Code, requiring the special findings of facts, and the statement of conclusions of law thereon, in an ordinary civil action, are not, and were not intended to be, applicable to proceedings supplementary to execution...."

*Hutchinson v. Trauerman* (1887), 112 Ind. 21, 25–26, 13 N.E. 412, 414. Professor Harvey recently observed that *Hutchinson* continues to be applicable to proceedings supplemental commenced under Trial Rule 69(E) and IC 1976, 34–1–44–8 (Burns Code Ed.). 4 Harvey, *Indiana Practice* 472 (1971); *see also*, 4 Bobbitt, *Work's Indiana Practice* § 70.113, at 541 (1974). This Court rejects Sharon's invitation to reach a conclusion contrary to the Supreme Court's holding in *Hutchinson*. Thus, the trial court did not err in denying Sharon's motion for written findings of fact.

## III.

### Sufficiency of Evidence

■ As in the first appeal involving Sharon and Paul, Sharon challenges the sufficiency of the evidence which purportedly supports the garnishment order. Once again, Sharon presents a meritorious challenge. The record in the present case is devoid of sufficient evidence to support the garnishment order. A thorough examination of the pleadings and of the transcript of the November 20, 1980, hearing does not reveal any evidence that supports the garnishment of $2,370.38 from Sharon's wages. As in the first appeal, the monetary discrepancy between the amount prayed for in Paul's motion $2,344.38 (and the amount awarded in the garnishment order $2,370.38) is neither explained nor justified by the record. The transcript of the hearing sheds no light upon the trial court's reason for ordering the garnishment of that amount. At the hearing, Paul offered no evidence in support of his motion in proceedings supplemental to execution. Rather, he chose to rely solely upon the contents of his motion to prove his case. Trial Rule 69(E) requires the trial court, once it determines a petitioner's motion satisfies the four requirements enumerated in TR. 69(E), to order the judgment debtor and the garnishee-defendant to appear for a hearing on the petitioner's motion or answer interrogatories attached to the motion, or both. The rule further directs that "the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution." TR. 69(E). The statutes referred to are found at IC 1976, 34–1–44–1 *et seq.* (Burns Code Ed.). An Indiana case construing the relevant statute provides:

> "Our statute, however, on proceedings supplementary to execution, provides that: '* * * and all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses. * * *' Sec. 2–4404, Burns, 1933, Sec. 678, Baldwin's Ind. Statute 1934. [presently IC 34–1–44–8].

"It is apparent, from a reading of this statute, that while such a proceeding is summary in nature, the testimony of parties and witnesses is contemplated...."

*Reuter v. Monroe* (1942), 110 Ind.App. 664, 667, 40 N.E.2d 371, 372. It is clear Paul failed to sustain his burden of proof. He failed to present any evidence at the hearing to establish that he was entitled to have $2,370.38 garnisheed from Sharon's wages.

■ Paul makes the following argument in support of his contention that the trial court had before it sufficient evidence to enter the garnishment order:

"At [the November 20, 1980] hearing, the court obviously considered four things: (1) the trial court's own record, (2) the garnishee-defendant's answers to interrogatories, (3) the petitioner's Verified Motion in Proceedings Supplemental and (4) the respondent's verified answer. By examining its own record, the trial court knew that on August 25, 1980, the petitioner recovered a judgment against the respondent in the sum of $2,344.38. The verified answer to interrogatories provided by the garnishee-defendant, RACO, Inc. substantiated that the respondent was in the employ of RACO, Inc. and that no prior garnishments were then pending against her wages. The petitioner's Verified Motion in Proceedings Supplemental related to the court that which it already knew by examination of its record and the answers to interrogatories provided by the garnishee-defendant."

Paul's argument contains one serious defect. The garnishee-defendant's (RACO Incorporated) answers to the interrogatories, upon which Paul relies heavily to bolster his argument, were not offered as evidence at the November 20, 1980, hearing on Paul's motion. A proceedings supplemental instituted to garnishee the wages of a judgment debtor cannot be accomplished successfully in the absence of the essential employment information which the garnishee-defendant must provide under TR. 69(E)(4) and IC 34–1–44–5. There is no evidence in the record indicating that these answers were offered to the trial court for its consideration. Paul contends the answers to the interrogatories appeared in the trial court's records, and the court was empowered to take judicial notice of its own records. With the contention that the trial court could have taken judicial notice of its records, this Court does not disagree. *See, Budnick v. Budnick* (1980), Ind.App., 413 N.E.2d 1023, 1027. However, answers to interrogatories may not be considered by the trial court for their probative value until the answers have been offered and admitted as evidence. 23 I.L.E. *Pleading and Pre-Trial Practice* § 196, at 376 (1970). In discussing the evidentiary use of interrogatories, other commentators have reached conclusions similar to the one reached by this Court:

"[T]he answers to interrogatories do not become evidence unless voluntarily introduced, which in turn requires a formal offer of evidence. Furthermore, answers to interrogatories are not a proper subject of judicial notice." (footnotes omitted)

4A *Moore's Federal Practice* ¶ 33.29[1], at 33–178 (2d ed. 1981).

"The answers to interrogatories are not part of the pleadings and they are not considered evidence unless introduced as such at the trial...." (footnotes omitted)

8 Wright & Miller, *Federal Practice and Procedure*, § 2180, at 572 (1970). The fact that the answers to the interrogatories were attached to Paul's motion did not relieve Paul of the burden of offering them as evidence. An action in proceedings supplemental is a civil action, and, as such, the rules of practice in ordinary civil actions govern. 4 Bobbitt, *Works' Indiana Practice* § 70.111, at 537 (1974). Paul was therefore required to comply with the rule requiring the admission of answers to interrogatories as evidence before they could have been considered for their probative value. Paul's reliance upon the garnishee-defendant's an-

swers to the interrogatories must fail. Thus, the trial court's entry of the garnishment order is not supported by sufficient evidence.[1]

Reversed.[2]

GARRARD, J., concurs in result.

HOFFMAN, P. J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

I respectfully dissent.

The entry of a garnishment order is an interlocutory order and appealable pursuant to Ind. Rules of Procedure, Appellate Rule 4(B)(1). Indiana Rules of Procedure, Appellate Rule 7.2(A)(1)(b) provides:

"In all appeals from interlocutory orders, there *shall* be included instead of the certified copy of the motion to correct errors *a specific assignment of the errors alleged.*" (Emphasis added.)

As noted in BAGNI, Giddings & Stroud, Indiana Appellate Procedure, § 173, the specificity required in an assignment of errors is that which is applicable to the motion to correct errors.

Indiana Rules of Procedure, Trial Rule 59(D) (formerly 59(B)) requires a motion to correct errors to be sufficiently specific to apprise the trial court and opposing counsel of the alleged errors. *Libuano v. Libuano* (1979), Ind.App., 388 N.E.2d 574. Issues hidden within broad generalities present an appellate court with nothing to review. *Young v. Duckworth* (1979), Ind., 394 N.E.2d 123. Bald general assertions of error do not constitute substantial compliance with the rules of procedure. *Young v. Duckworth, supra; Anderson v. Ind. St. Emp. App. Comm. et al.* (1977), 172 Ind.App. 529, 360 N.E.2d 1040.

The assignment of errors in the present case, omitting formal parts, reads as follows:

"The appellant, Sharon DeLater, formerly Sharon Hudak, avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:

1. The court erred in granting appellee, Paul Hudak's final order in proceedings supplementary to execution pursuant to Trial Rule 69(E) on November 20, 1980."

Such a general allegation of error is not in substantial compliance with AP. 7.2(A)(1)(b). The assignment of errors

---

1. Sharon's assignment of error is not a model of specificity. After noting the sanction of waiver is generally imposed for noncompliance with TR. 59, this Court stated in *Antrup v. State* (1978), Ind.App., 373 N.E.2d 194, 196:

"Although [appellant's] motion [to correct error] and supporting memorandum lack specificity, we are able to glean from his brief and from the record the gist of his arguments. We eschew deciding cases on technicalities; we prefer deciding cases on their merits ...

"Furthermore, while the motion to correct errors serves as the complaint on appeal, its primary purpose is to afford the trial court the opportunity to rectify errors it has committed...."

The assignment of errors also serves as a complaint upon appeal. It does not—as contrasted to the motion to correct error—serve the function of presenting alleged error to the trial court for correction.

We certainly do not advocate assignments of "generalized" error. Under the limited facts of the present case, however, we find Sharon's assignment of error sufficient. Her brief clearly and explicitly delineated the issues and then addressed with argument those issues. It is clear from Paul's brief that those same issues were recognized and addressed with argument. Additionally, we note the record upon appeal is not burdensome, less than fifty pages, and that both the facts and the issues in this cause were *substantially addressed by this Court in the previous appeal, DeLater v. Hudak, supra.* Any insufficiency found in the assignment of errors created no substantial impediment to our review, *see, Antrup v. State, supra,* and the addressing of the merits of this cause by this Court is a step which is certainly not an "unprecedented" one. *See, e.g., Riggins v. Sodowsky* (1980), Ind.App., 403 N.E.2d 1152; *Lugar v. State ex rel. Lee* (1978), Ind.App. 374 N.E.2d 1159, *affirmed* 383 N.E.2d 287; *Antrup v. State, supra, Costanzi v. Ryan* (1977), Ind.App. 368 N.E.2d 12.

2. In light of this Court's disposition of the appeal, Paul's motion to award damages on appeal pursuant to Appellate Rule 15(G) is denied.

presents no issue for this Court's review. I would therefore affirm the order of the trial court.