**LAKE COUNTY JUVENILE DETEN-
TION CENTER, et al., Appel-
lants–Defendants,**

**v.**

**J.M.D., Deceased, et al., Appellees–
Plaintiffs.**

**No. 45A04–9805–JV–263.**

Court of Appeals of Indiana.

Jan. 5, 1999.

Jeffrey A. Modisett, Attorney General, Thomas D. Perkins, Deputy Attorney General, Indianapolis, for Appellants–Defendants.

Tula Kavadias, Melissa L. Rohrer, Kavadias & Associates, Crown Point, for Appellees–Plaintiffs.

**OPINION**

ROBB, Judge.

*Case Summary*

Appellant–Defendant, Lake County Superior Court, Juvenile Division ("Juvenile Division"), brings this interlocutory appeal from the trial court's denial of its motion for change of venue. We reverse.

*Issues*

The Juvenile Division raises one issue for our review which we restate as: whether the trial court properly denied its motion for change of venue when more than ten days had elapsed after answers were filed by two co-defendants but those answers were not timely served upon the Juvenile Division.

### Facts and Procedural History

The facts most favorable to the judgment show that plaintiffs filed their lawsuit against several defendants, including the Juvenile Division, the Lake County Juvenile Detention Center ("Detention Center"), the Lake County Commissioners ("Commissioners"), the Lake County Council ("Council") and others. On January 2, 1998, the Commissioners filed an answer which was never served upon the Juvenile Division. On January 8, 1998, the Council filed its answer which was not served upon the Juvenile Division until January 30, 1998. Finally, the Detention Center filed its answer on January 28, 1998.

The Juvenile Division filed its answer and a motion for change of venue, pursuant to Ind. Trial Rule 76, on January 30, 1998. The motion was denied as untimely. The trial court certified and we accepted this interlocutory appeal.

### Discussion and Decision

A motion for change of venue "shall be granted . . . upon a showing that the county where suit is pending is a party. . . ." T.R. 76(A). "Denial of a motion for change of venue from the county shall be reviewable only for an abuse of discretion." *Id.* A motion for change of venue "shall be filed not later than ten [10] days after the issues are first closed on the merits." T.R. 76(C).

█ Normally, the issues are first closed on the merits when the defendant files an answer. *State ex rel. Baber v. Circuit Court of Hamilton County,* 454 N.E.2d 399, 400 (Ind.1983). In multiple-defendant lawsuits, the issues are first closed with the filing of the first answer on the merits. *Johnson v. Johnson,* 575 N.E.2d 1077, 1081 (Ind.Ct.App. 1991).

> The prescribed time for T.R. [76(C)], however, does not commence running "after the service of a notice or other paper" upon a party. Rather, a party must file a motion for change of venue "not later than ten [10] days after the issues are first closed on the merits," not within ten days of the service of an answer. It is the filing of the answer which triggers the running of the ten day rule and not notice thereof.

*Annon II, Inc. v. Rill,* 597 N.E.2d 320, 324 (Ind.Ct.App.1992) (citation omitted), *trans. dismissed.*

In *Annon II,* we considered the question whether a party is entitled to the benefit of three additional days for mail service, pursuant to T.R. 6(E), from the filing of the answer before a motion for change of venue is due. We concluded that "[i]t is the filing of the answer which triggers the running of the ten day rule and not notice thereof." *Id.*

█ *Annon II* only stands for the proposition that a party moving for change of venue is not entitled to three additional days after service of notice by mail. It does not necessarily follow that service is irrelevant to the situation. *Annon II* did not address the failure to serve an answer or the failure to timely file an answer. Filing an answer triggers the running of the ten day period; however, failure to serve the answer should likewise toll the period. We conclude that a party has ten days, from the first date an answer is filed, to file a motion for change of venue, provided that the answer was served when filed. This is equally true where a co-defendant fails, without explanation, to serve an answer within a reasonable time.

█ Here, the first answer filed was never served upon the Juvenile Division. The second answer filed was served, but not for twenty-two days after it was filed, a time period which we hold to be unreasonable for purposes of T.R. 76(C). The first answer actually served upon the Juvenile Division was the answer of the Detention Center, on January 28, 1998. Therefore, the ten day period for filing a motion for change of venue began on this date, even though this was the third answer filed. Because the Juvenile Division filed its motion for change of venue two days later, it was timely and the trial court erred in denying it.

Reversed.

KIRSCH, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent.

Today, the majority seeks to rewrite T.R. 76(C). It ignores the key language of the Rule which freezes the issues without further delay by filing dilatory motions. The key word is "filed" and not "served" as proposed by the majority. Here, the dilatory motion for change of venue was attempted more than ten days after the first answer had been filed. The trial court should be affirmed and T.R. 76(C) should remain unaltered.

T.R. 76(C) provides, in relevant part:

In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits.

The language of this rule is unambiguous. A trial court is prohibited from granting a change of venue unless a party moves for a change in the first ten days after the issues are first closed on the merits.[1] As the majority recognizes, in multiple defendant lawsuits, the issues are first closed on the merits with the *filing* of the first answer. *Johnson v. Johnson,* 575 N.E.2d 1077, 1081 (Ind.Ct. App.1991). Here, the first answer was filed on January 2, 1998. The Juvenile Division submitted its motion for change of venue on January 30, 1998, more than ten days after the first answer was filed. Therefore, under T.R. 76(C), the trial court correctly denied the motion.

The majority dislikes the result mandated by application of T.R. 76(C) to the facts of this case. The Juvenile Division's co-defendant, the Lake County Commissioners, filed their answer on January 2, 1998, thereby closing the issues on the merits and triggering the ten-day time limit of T.R. 76(C). Unfortunately, the Commissioners did not serve the Juvenile Division, as required by T.R. 5(A)(2). Therefore, the Juvenile Division did not receive notice that the issues had been closed on the merits within the ten-day period. The majority holds that the ten-day period should be tolled until the answer is served on the party seeking the change of venue. Since the Juvenile Division filed its motion to change venue within ten days of

finally being served with a co-defendant's answer, the majority concludes that the motion was timely.

I disagree with the majority's holding for two reasons. First, the majority seeks to rewrite a trial rule. T.R. 76(C) does not provide that the ten-day period should be tolled until an answer is served. The rule provides that the change of venue motion "shall be filed not later than ten [10] days after the issues are first closed on the merits." In multiple-defendant lawsuits, the issues are closed on the merits when the first answer is *filed*, not served. *See Johnson,* 575 N.E.2d at 1081. By requiring that the ten-day period be tolled where an answer has not been served, this court is, in effect, rewriting T.R. 76(C). Such action is beyond the power of this court. Only the Indiana Supreme Court may alter or amend the trial rules. *In re Estate of Moore,* 155 Ind.App. 92, 291 N.E.2d 566, 568 (1973); *see* T.R. 80(D). To the extent that T.R. 76(C) is inequitable as applied to the facts of this case, only the supreme court may address this inequity by amending the rule.

Second, the majority's holding contravenes precedent of this court. In *Annon II, Inc. v. Rill,* 597 N.E.2d 320 (Ind.Ct.App.1992), *trans. dismissed,* this court considered whether T.R. 6(E) extends the time for filing a motion to change venue by three days. T.R. 6(E) states:

Whenever a party has a right or is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper upon him* and the notice or paper is served upon him by mail, three [3] days shall be added to the prescribed period.

*Id.* at 324 (emphasis in original). In rejecting the argument that T.R. 6(E) extends the time period, this court held:

The [ten-day limit of T.R. 76] . . . does not commence running 'after the service of a notice or other paper' upon a party. Rather, a party must file a motion for a change of venue 'not later than ten [10] days after the issues are first closed on the merits,' not within ten days of the service of an

---

1. Exceptions to this rule are set out in T.R. 76(C). None of these exceptions apply here.

answer. It is the filing of an answer which triggers the running of the ten day rule and not notice thereof.

*Id.* (citation omitted).

This holding is directly applicable to the present case. The court in *Annon II* interpreted T.R. 76(C), and held that the ten-day time limit is triggered by the filing of an answer, not service of an answer or notice that an answer has been filed. Contrary to the majority's suggestion, *Annon II* does address the failure to serve an answer, and holds that this failure is irrelevant to the determination of whether a motion to change venue is time barred. This holding is not limited simply because the court took the additional step of applying it specifically to T.R. 6(E).

Because the majority attempts to rewrite T.R. 76(C) while ignoring this court's precedent, I dissent.