Jason WRIGHT, Appellant–Defendant,

v.

PARASERVICES, INC.,
Appellee–Plaintiff.

No. 27A02–9911–CV–798.

Court of Appeals of Indiana.

April 17, 2000.

Thomas A. Brodnik, Stark Doninger & Smith, Indianapolis, Indiana, Attorney for Appellant.

Brian F. McLane, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

MATTINGLY, Judge

Jason Wright brings this interlocutory appeal from the trial court's denial of his Ind. Trial Rule 12(B)(3) motion to transfer this cause to a county of preferred venue consistent with T.R. 75. Wright moved for the venue transfer after a successful motion to set aside a default judgment that had been entered against him in the matter. The trial court denied Wright's motion to transfer venue as being untimely thereby creating the single issue for our review: whether the trial court abused its discretion by denying Wright's venue transfer motion as being untimely.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

On May 27, 1998, Paraservices, Inc. filed its complaint on a "promissory note" against Wright in Grant County, Indiana.

According to the complaint, Wright had executed a check in the amount of $2,000.00 as payment to Mangred Walgram[1] that was returned for insufficient funds.

On July 21, 1998, Paraservices moved for a default judgment in the amount of $10,980.00. The trial court entered a default judgment against Wright on July 23, 1998 as Wright had neither filed a responsive pleading nor entered an appearance.

On October 1, 1998, Wright moved to have this judgment set aside on the T.R. 60(B)(3) grounds of mistake or excusable neglect. After a hearing, the trial court on August 12, 1999 set aside the judgment and granted Wright twenty days to respond to Paraservices' May 27, 1998 complaint.

Fourteen days later, on August 26, 1999, Wright moved to dismiss the complaint pursuant to T.R. 12(B)(6), or, in the alternative, to transfer the case to a county of preferred venue pursuant to T.R. 12(B)(3) and in accordance with T.R. 75. On October 1, 1999, the trial court denied Wright's motion to transfer as not being timely filed. This interlocutory appeal brought in accordance with Ind. Appellate Rule 4(B)(5) followed.

### DISCUSSION AND DECISION

We begin our discussion by briefly examining the trial court's August 12, 1999 order setting aside the default judgment and granting Wright twenty days to respond to Paraservices' complaint. When setting aside a default judgment pursuant to T.R. 60, a trial court has broad authority in fashioning its relief. Subsection (D) of Rule 60 vests the court with the authority to grant such relief as provided under T.R. 59. That authority includes the power to grant a new trial, enter a final judgment, alter, amend, modify or correct a judgment, or "grant any other appropriate relief." In this case, in addition to setting aside the default judgment entered against

1. Walgram's relationship with Plaintiff Paraservices is not clear from the complaint.

Wright, the trial court granted Wright "20 days to respond to Plaintiff's complaint." (R. at 23.) This order was well within the discretion of the trial court and Paraservices does not argue otherwise.

Under the rules, Wright could have "responded" to Paraservices' complaint by either filing a responsive pleading consistent with T.R. 7 or defending or objecting by motion pursuant to T.R. 12. Wright chose the latter. Fourteen days after the default judgment was set aside, Wright filed his motion to dismiss Paraservices' complaint for failure to state a claim upon which relief could be granted. He therefore complied with the trial court's order to respond within twenty days.

Despite his compliance with the trial court's express order to respond, Paraservices argued, and the trial court agreed that Wright's T.R. 12(B)(3) motion to transfer venue was untimely because it was made more than twenty days after service of the complaint. Relying on the language of T.R. 6 that requires such motions be made within twenty days of service of the prior pleading and our holding in *Claycomb v. Simpson*, 572 N.E.2d 546, 547 (Ind.Ct.App.1991) acknowledging this rule, Paraservices argues the timeliness of the motion should be measured from the date of the complaint. It states setting aside the default judgment does not "reset the clock" for T.R. 12(B) motions.

Even were we to ignore the fact the trial court expressly ordered Wright to respond within twenty days—which he did—we are troubled by the implications of Paraservices' argument. If the clock were not reset after a default judgment had been set aside and timeliness were still measured from service of the complaint, every pleading filed subsequent to the court setting aside a default judgment would be untimely.

In this case, once the default judgment had been set aside, the parties in essence sat in the same position they were in when the complaint was initially filed. In order to move forward, Wright must have been given an opportunity to respond to Paraservices' complaint. Here, such an opportunity was given and then taken away.

 When reviewing a trial court's denial of a party's motion to transfer venue, we reverse only upon an abuse of the trial court's discretion. *Hollingsworth v. Key Benefit Adm'rs, Inc.*, 658 N.E.2d 653, 655 (Ind.Ct.App.1995). Here, denying Wright's T.R. 12(B)(3) motion to transfer venue as being untimely after expressly ordering Wright to respond to Paraservices' complaint was such an abuse.

We reverse and remand with instructions that the receiving court conduct a hearing to address the merits of Wright's venue transfer motion and to award costs as may be required by T.R. 75.

BAILEY, J., and BROOK, J., concur.