Herbert Michael MANN and Mitch
Corbett, Appellants–
Defendants,

v.

RUSSELL'S TRAILER REPAIR,
INC., Appellee–Plaintiff.

No. 49A02–0208–CV–686.

Court of Appeals of Indiana.

May 7, 2003.

T. Reg Hesselgrave, Indianapolis, IN, Robert Lutz, Speedway, IN, Attorneys for Appellants.

Lynne D. Lidke, Christopher R. Whitten, Craig J. Helmreich, Scopelitis Garvin Light & Hanson, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Herbert Michael Mann and Mitch Corbett appeal the trial court's judgment in favor of Russell's Trailer Repair, Inc. ("Russell"). Mann and Corbett raise seven issues, which we consolidate and restate as:

I.    Whether the trial court abused its discretion by denying Corbett's motion for a change of judge; and

II. Whether the trial court abused its discretion by considering evidence that was never introduced and admitted at the evidentiary hearing.[1]

We reverse and remand.

The relevant facts follow. McCord Manufacturing, Inc. was incorporated as an Indiana corporation in 1995 for the purpose of manufacturing trailers with Mann, Corbett, and Michael and Pamela McCord as shareholders. On May 1, 1998, Russell filed a complaint against McCord Manufacturing. On June 4, 1998, the trial court entered default judgment against McCord Manufacturing in the amount of $118,200.00, plus prejudgment interest at the rate of eight percent per annum, attorney fees, and postjudgment interest at the rate of ten percent per annum.

On September 21, 2000, Russell filed a motion for proceedings supplemental, which named Mann, Corbett, and the McCords as garnishee defendants. On October 25, 2000, Mann filed a response to the motion for proceeding supplemental. On October 31, 2000, Corbett appeared pursuant to an Order to Appear. On May 15, 2001, Corbett filed an answer and motion for change of judge. The trial court denied Corbett's motion for a change of judge.

In November of 2001, Russell filed a motion to pierce the corporate veil with numerous exhibits attached, including deposition testimony, hearing testimony from other actions, and discovery responses. Mann filed a motion to clarify the briefing schedule in which he noted that "the brief filed by Russell appears to contemplate that the court's decision on piercing the corporate veil can be made in a summary manner." Appellee's Appendix at 5. However, Mann argued that "the proper time to brief the issue of piercing the corporate veil is after a full evidentiary hearing where the parties have the opportunity to present witnesses and documentary evidence and to cross-examine witnesses." *Id.* at 6. Further, Mann contended that Russell's motion appeared to be "a request for summary judgment, without filing a motion for summary judgment or calling it a summary judgment." *Id.* Thus, Mann requested that the trial court either order Russell to file a motion for summary judgment or grant a full evidentiary hearing. The trial court denied Mann's motion to clarify.

Corbett then filed a brief and designation of evidence in opposition to Russell's motion to pierce the corporate veil. Mann also filed a response and designation of evidence in opposition to Russell's motion. On March 5, 2002, the trial court held a hearing and the parties again disagreed regarding the format of the proceedings. The trial court stated that it was inclined to view the proceeding as a "quasi summary judgment." Transcript at 18. Mann and Corbett argued that issues of fact existed precluding summary judgment. At the end of the hearing, the trial court noted some of the options available, including "summary judgment, some sort of summary order, or ... a series ... of partial summary orders." *Id.* at 83. The trial court later issued an order finding "issues of fact and law regarding the actions of garnishee defendants and the commingling of funds by [Mann]." Appellant's Appendix at 18. The trial court set the matter for an evidentiary hearing "to allow any party the opportunity to offer evidence before the Court entered Findings of Fact and Conclusions of Law." *Id.*

At the evidentiary hearing on May 28, 2002, the trial court discussed the previous

---

1. Mann and Corbett also argue that the trial court erred by denying Mann's and Corbett's motion for involuntary dismissal pursuant to Ind. Trial Rule 41(B). Due to our resolution of the other issues, we need not decide the Ind. Trial Rule 41(B) issue.

hearing and noted that it had "assumed a summary judgment standard" because the earlier hearing was a "summary hearing." Transcript at 92. The trial court further stated that "after hearing the arguments and reviewing the pleadings ... the Court decided to hold or have this occasion for [an] evidentiary hearing." *Id.* However, the trial court viewed the hearing as "supplemental" to the March hearing and earlier briefs. *Id.* at 97. Thus, the trial court stated that, in rendering its decision, it would consider all of the evidence that had been previously submitted and would decide the case after the evidentiary hearing. *Id.* at 97, 102.

Mann and Corbett objected to the process set forth by the trial court. Specifically, Mann argued that Russell had to present evidence in the form of testimony. Corbett objected that the use of the previously submitted documents did not comport with the rules of evidence.

Russell did not present any witnesses or introduce any evidence. Rather, it presented arguments regarding the documents that had been submitted with its motion to pierce. After Russell's arguments, Mann and Corbett moved for involuntary dismissal of Russell's claim pursuant to Ind. Trial Rule 41(B). Mann and Corbett argued that Russell had failed to present any evidence at the evidentiary hearing and, thus, had failed to meet its burden of proof. The trial court denied the motion for involuntary dismissal. Mann and Corbett did not present any witnesses or new evidence at the evidentiary hearing, but, like Russell, presented arguments to the trial court.

The trial court later issued findings of fact and conclusions thereon granting Russell's motion to pierce the corporate veil.

The trial court relied upon the documents attached to Russell's motion to pierce and found that Russell had met "its burden to show sufficient evidence to pierce the corporate veil" of McCord Manufacturing. Appellant's Appendix at 27.

I.

The first issue is whether the trial court abused its discretion by denying Corbett's motion for a change of judge.[2] A motion for change of judge is governed by Ind. Trial Rule 76, which provides, in pertinent part, that:

(B) In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney.

\* \* \* \* \*

(C) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits. Except:

(1) in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days from the date the same is placed and entered on the chronological case summary of the court;

Thus, Ind. Trial Rule 76 provides that the granting of a motion to change judge is

---

2. Mann did not file a motion for a change of judge. Mann waived any argument related to this issue by failing to raise the issue to the trial court. *City of New Haven v. Allen County*

*Bd. of Zoning Appeals,* 694 N.E.2d 306, 313 (Ind.Ct.App.1998) (holding that a party waived an issue by failing to raise it at the trial court level), *trans. denied.*

automatic if made within the time limitations established by the rule. If the motion is not within the time limitations, we review the trial court's ruling on a motion for change of judge for an abuse of discretion. *See Moore v. Liggins,* 685 N.E.2d 57, 62 (Ind.Ct.App.1997). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Ind. Univ. Med. Ctr., Riley Hosp. for Children v. Logan,* 728 N.E.2d 855, 859 (Ind.2000).

Corbett argues that his motion for a change of judge was timely and he was entitled to an automatic change of judge. Although the language of Ind. Trial Rule 69(E)[3] which governs proceedings supplemental indicates that a responsive pleading is not required, our supreme court has held that when a new issue arises in a proceeding supplemental, responsive pleadings are required. *Am. Underwriters, Inc. v. Curtis,* 427 N.E.2d 438, 442–443 (Ind.1981). New issues were raised in this proceeding supplemental regarding the shareholders' liability for McCord Manu-

facturing's debt. Thus, responsive pleadings were required in this proceeding supplemental. Accordingly, Ind. Trial Rule 76 required that Corbett's motion for a change of judge be filed "not later than ten [10] days after the issues are first closed on the merits." T.R. 76(C). Normally, "the issues are first closed on the merits when the defendant files an answer." *Lake County Juvenile Det. Center v. J.M.D.,* 704 N.E.2d 149, 150 (Ind.Ct.App. 1999). However, "[i]n multiple-defendant lawsuits, the issues are first closed with the filing of the first answer on the merits." *Id.*

This case has multiple defendants, and, thus, the issues were closed with the filing of the first answer. The motion for a proceeding supplemental was filed on September 21, 2000. Mann filed his response on October 25, 2000. Thus, the issues were closed on October 25, 2000, and Corbett had ten days after this date to file his request for a change of judge. Corbett did not file his motion for change of judge

---

3. Ind. Trial Rule 69(E) provides, in pertinent part, that:

Proceedings supplemental to execution. Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

\* \* \* \* \*

(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.

The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

until May 15, 2001. Consequently, Corbett's motion was not timely.[4]

■ To obtain a change of judge after expiration of the period allotted for an automatic change of judge under Ind. Trial Rule 76, a party must comply with the following procedure:

> if the moving party first obtains knowledge of the grounds for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how discovered, the facts showing the grounds for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion.

T.R. 76(C)(6); see Moore, 685 N.E.2d at 62. Corbett's motion for a change of judge did not comply with Ind. Trial Rule 76(C)(6) because it was not verified and alleged no grounds for a change of judge. Thus, the trial court did not abuse its discretion by denying Corbett's motion for a change of judge. See, e.g., Moore, 685 N.E.2d at 62 (holding that the trial court did not abuse its discretion by denying a motion for a change of judge).

## II.

■ The next issue is whether the trial court abused its discretion by considering evidence that was never introduced and admitted at the evidentiary hearing. The admission of evidence is "left to the sound discretion of the trial court, and we will not reverse that decision except for an abuse of that discretion." State v. Snyder, 594 N.E.2d 783, 787 (Ind.1992). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Logan, 728 N.E.2d at 859.

Initially, we must observe the procedural difficulties presented by this case. Mann and Corbett argue that this is a case of either summary judgment or an evidentiary hearing where Russell failed to meet its burden of proof. Thus, Mann and Corbett argue that they are either entitled to a denial of summary judgment and remand for trial or, alternatively, a judgment under Ind. Trial Rule 41(B). On the other hand, Russell argues that its motion to pierce the corporate veil was never a motion for summary judgment and the trial court was entitled to decide the case based upon the evidence attached to its motion to pierce.

4. Corbett relies upon Wright v. Paraservices, Inc., 726 N.E.2d 1263 (Ind.Ct.App.2000). In Wright, the trial court set aside a default judgment and granted the defendant twenty days to respond to the complaint. Id. at 1264–1265. The defendant responded by filing a motion for change of venue. Id. at 1265. However, the trial court held that the defendant's motion was untimely because it was made more than twenty days after service of the complaint. Id. We reversed, holding that once a default judgment is set aside, "the parties in essence [sit] in the same position they were in when the complaint was initially filed." Id. Thus, we held that the trial court abused its discretion by denying the defendant's motion for a change of venue. Id. Corbett argues that his motion was timely because the trial court granted him an extension of time to answer the proceeding supplemental. However, the trial court's grant of Corbett's request for an extension of time to answer did not change the fact that Mann had already filed his answer. The time limitations for filing a motion for a change of judge had expired six months before Corbett received his extension of time to answer. The trial court's grant of Corbett's request for an extension of time to answer did not restart the clock and Corbett's reliance upon Wright is misplaced.

A trial court is vested with broad discretion in conducting proceedings supplemental. *Brewer v. EMC Mortgage Corp.*, 743 N.E.2d 322, 325 (Ind.Ct.App.2001), *reh'g denied, trans. denied.* In general, "proceedings supplemental are summary in nature and the judgment-debtor is not afforded all the due process protections ordinarily afforded to civil defendants because the claim has been determined to be a justly owed debt reduced to judgment." *Hermitage Ins. Co. v. Salts,* 698 N.E.2d 856, 858 (Ind.Ct.App.1998). However, here, we have a proceeding supplemental against a third party garnishee defendant. Where the judgment holder alleges that property belonging to the execution defendant is in the possession of a third person, it is proper to try and determine the question of ownership. *Burkett v. Bowen,* 118 Ind. 379, 21 N.E. 38, 39 (1889). Thus, issues "of law or of fact ... may be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions or proceedings" and errors "must be saved and presented in and by the record, in the same manner as in any other civil action." *Kissell v. Anderson,* 73 Ind. 485 (1881); *see also* 13 *I.L.E. Execution* § 83 (2001). In such cases, the garnishee defendant is entitled to defend against its alleged liability to the judgment debtor. *United Farm Bureau Mut. Ins. Co. v. Wampler,* 406 N.E.2d 1195, 1197–1198 (Ind.Ct.App.1980). In fact, the garnishee defendant is entitled to a jury trial, if requested, to the extent that its interests in the property claimed to be owned by the judgment debtor ordinarily would be settled by an action with the right to a jury trial. *Id.*

Mann and Corbett questioned whether they were in possession of property belonging to McCord Manufacturing, i.e. whether the corporate veil should be pierced. Thus, Mann and Corbett were entitled to defend against their alleged liability for the corporation's debt. This matter could have been resolved through either summary judgment procedures or a trial. Rather than file a motion for summary judgment or request a trial on the matter, Russell filed a motion to pierce the corporate veil with numerous exhibits attached, including deposition testimony, hearing testimony from other actions, and discovery responses. Mann filed a motion to clarify the trial court's briefing schedule and requested that the trial court either order Russell to file a motion for summary judgment or grant a full evidentiary hearing. However, the trial court denied the motion.

Mann and Corbett proceeded as if the motion to pierce was a motion for summary judgment by filing response briefs and designations of evidence in opposition to the motion to pierce. In fact, at the March hearing, the trial court stated that it was inclined to view the proceeding as a "quasi summary judgment." Transcript at 18. Thus, Mann and Corbett argued that issues of fact existed precluding summary judgment. *See* Ind. Trial Rule 56(C) ("The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."). However, Russell argues in its Appellee's Brief that it never filed a motion for summary judgment and the motion to pierce cannot be considered as such a motion.

Regardless of whether the motion to pierce was treated as a motion for summary judgment, after the March hearing, the trial court issued an order finding "issues of fact and law regarding the actions of garnishee defendants and the commingling of funds by [Mann]." Appellant's Appendix at 18. The trial court set the matter for an evidentiary hearing "to allow any party the opportunity to offer evidence

before the Court entered Findings of Fact and Conclusions of Law." *Id.* Thus, the trial court effectively found genuine issues of material fact and set the matter for an evidentiary hearing to resolve the issues of fact.[5]

At the evidentiary hearing, the trial court stated that it viewed the evidentiary hearing as "supplemental" to the March hearing and earlier briefs. *Id.* at 97. Thus, the trial court stated that it would be considering all of the evidence that had been previously submitted and would decide the case after the evidentiary hearing. *Id.* at 97, 102. Mann and Corbett objected to the process set forth by the trial court. Specifically, Mann argued that Russell had to present evidence in the form of testimony. Mann objected that the use of the previously submitted documents did not comport with the rules of evidence. *Id.* at 110. However, the trial court overruled Mann's and Corbett's objections.

Even though this matter was brought to the trial court's attention through a proceeding supplemental, "[a]n action in proceedings supplemental is a civil action, and, as such, the rules of practice in ordinary civil actions govern." *In re Hudak,* 428 N.E.2d 1333, 1336 (Ind.Ct.App.1981). In *Haskett v. Haskett,* we held that:

> While we encourage parties and trial courts to resolve all questions of admissibility prior to trial as per Indiana Rules of Procedure, Trial Rule 16, we may not acknowledge the formal 'receiving', i.e., admitting, of trial evidence with respect to a contested fact issue other than during the trial itself. Evidence necessary to establish an ultimate fact in controversy as essential to judgment

must come before the court during trial—not before and not after.

164 Ind.App. 105, 115, 327 N.E.2d 612, 617 (1975). We ultimately found no error in *Haskett* because both parties had "acquiesced in and indeed encouraged consideration" of certain affidavits even though the affidavits were never formally introduced or admitted into evidence at trial. *Id.*

Russell argues that the format used by the trial court was appropriate because Mann and Corbett "agreed, in the interest of efficiency, to brief the issue of piercing the corporate veil." Appellee's Brief at 9. If the parties had agreed to submit this matter to the trial court by stipulating to the admissibility and authenticity of documents, such a resolution would be acceptable. For example, in *Williamson v. Rutana,* 736 N.E.2d 1247 (Ind.Ct.App.2000), in discussing a proceeding supplemental, we noted that "[t]he cause was submitted to the trial court on a stipulation of facts set forth above, along with argument of counsel." *Id.* at 1248. However, here, in support of its argument that Mann and Corbett agreed to the format of the proceedings, Russell cites only to an order of the trial court granting Russell's motion to establish a briefing schedule. The order provides only that the parties "agreed it would be more efficient to brief the issue." Appellee's Appendix at 2. Russell designates no evidence that Mann or Corbett agreed to stipulate to the admissibility or authenticity of documents attached to the briefs. Rather, our review of the record demonstrates that Mann and Corbett repeatedly requested an evidentiary hearing

---

**5.** Furthermore, we recently noted that "the determination of whether there are sufficient grounds for piercing the corporate veil ordinarily should not be disposed of by summary judgment, in view of the complex economic questions often involved, especially if fraud is alleged." *Community Care Centers, Inc. v. Hamilton,* 774 N.E.2d 559, 565 (Ind.Ct.App. 2002), *trans. denied.*

and repeatedly objected to the format of the proceedings.

This case is analogous to the circumstances in *Hudak,* 428 N.E.2d at 1335–1336. There, a judgment holder filed a motion for garnishment and attached answers to interrogatories to the motion. *Id.* at 1335. At the hearing on the matter, the judgment holder failed to present any evidence, but was granted a garnishment order. *Id.* at 1336. On appeal, he argued that the trial court considered the answers to the interrogatories that were attached to his motion. *Id.* We held that the fact that the answers to interrogatories were attached to his garnishment motion did not relieve the judgment holder of the burden of offering them as evidence. *Id.* The judgment holder was "required to comply with the rule requiring the admission of answers to interrogatories as evidence before they could have been considered for their probative value." *Id.*

Likewise, here, Russell did not introduce any evidence at the evidentiary hearing. Instead, over Mann's and Corbett's objections, Russell relied upon the evidence it had submitted with its motion to pierce. Russell was required to introduce the evidence at the evidentiary hearing. *See, e.g., id.* Thus, the trial court abused its discretion by considering the evidence that was not introduced or admitted at the evidentiary hearing. *See, e.g., id.*

By stating that it would be considering all of the evidence that had been previously submitted, the trial court, in effect, summarily admitted the documents. In gener-

al, when evidence is improperly admitted in a bench trial, "it is presumed that the trial court disregarded all inadmissible evidence and weighed only the proper evidence in determining whether the plaintiff has carried [its] burden of proof." *D.W.S. v. L.D.S.,* 654 N.E.2d 1170, 1173–1174 (Ind. Ct.App.1995). The improper admission of evidence is harmless error when the judgment is supported by substantial independent evidence to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the judgment.[6] *Id.* at 1173.

■ Russell argues that harmless error occurred because Mann and Corbett "cannot show prejudice because all of the evidence that supports the trial court [j]udgment was admissible evidence under Indiana law." Appellant's Brief at 21 n. 13. Russell cites *Greenfield v. Arden Seven Penn Partners, L.P.,* 757 N.E.2d 699 (Ind. Ct.App.2001), *reh'g denied, trans. denied.* In *Greenfield,* the judgment holder filed a motion to set aside a stock pledge agreement during a proceeding supplemental. *Id.* at 701. The debtor argued that the trial court erred when it considered exhibits which were not offered into evidence, but were attached to the judgment holder's brief in support of its motion. *Id.* at 702. Another panel of this court noted that "an unsworn statement or unverified exhibit does not qualify as proper evidence" and held that the trial court erred by considering "the exhibits not offered into evidence which were unsworn, uncerti-

---

**6.** We acknowledge that we reached a different result in *Hudak.* In *Hudak,* we reversed a judgment in favor of the judgment holder who failed to introduce any evidence during a proceeding supplemental hearing. 428 N.E.2d at 1336–1337. Here, rather than simply reverse the judgment, we consider whether the judgment is supported by substantial independent evidence other than the evidence that was improperly admitted. *Hudak* is distinguish-

able in this respect because the trial court in *Hudak* did not indicate that it would consider the answers to the interrogatories that were attached to the motion for garnishment. Consequently, the judgment holder simply failed to meet its burden. However, here, the trial court specifically informed the parties that it would consider the previously submitted documents despite Mann's and Corbett's objections to such a format.

fied, and/or unverified." *Id.* at 702–703. Despite this holding, the panel considered a sworn and verified affidavit that was attached to the brief but was not offered and admitted into evidence at the hearing. *Id.* at 703. To the extent that *Greenfield* holds that we may consider documents that were not offered or admitted but would have been admissible if offered, we disagree.[7] Rather, we may consider only evidence that has been introduced and properly admitted.

Here, Russell did not introduce any evidence at the hearing. The trial court relied upon the documents that it, in effect, summarily admitted. Without consideration of those documents, the denial of the motion for involuntary dismissal under Ind. Trial Rule 41(B) and the judgment in favor of Russell are not supported by substantial independent evidence. Consequently, the improper "admission" of the evidence is not harmless error, and we reverse for a new trial.

For the foregoing reasons, we reverse the trial court's judgment in favor of Russell and remand for a new trial.

Reversed and remanded.

SULLIVAN and KIRSCH, JJ., concur.

---

7. Furthermore, even if we relied upon *Greenfield*, although Russell cites to Ind. Evidence Rule 902(1), Ind. Evidence Rule 801(d)(2), and Ind. Trial Rule 32, Russell offers no argument to support the admissibility of any specific item of evidence attached to its motion to pierce. Russell's argument must contain its contentions on the issues presented, supported by cogent reasoning. *See* Ind. Appellate Rule 46(B) & 46(A)(8)(a). Because Russell failed to offer specific arguments with respect to the admissibility of any of its exhibits attached to its motion to pierce, it has waived this argument. *See, e.g., Martin v. State,* 736 N.E.2d 1213, 1221 (Ind.2000)

(holding that even though the defendant contended that certain testimony should have been excluded pursuant to Ind. Evidence Rule 803(8), he failed to advance an argument or cite to the record in support of his contention); *see also Goliday v. State,* 526 N.E.2d 1174, 1175 (Ind.1988) (holding that although the defendant claimed that the trial court erred in allowing evidence of unrelated prior crimes, he made only general references to "evidence of prior uncharged burglaries" and failed to otherwise identify the specific evidence which he claimed was erroneously admitted).