Donald BARNES and Barbara Barnes, Appellants,

v.

Michael E. McCARTY and State Farm Insurance Companies d/b/a State Farm Mutual Automobile Insurance Company, Appellees.

No. 82A05–0711–CV–650.

Court of Appeals of Indiana.

May 23, 2008.

Publication Ordered June 25, 2008.

Robert R. Faulkner, Evansville, IN, Attorney for Appellants.

Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellees.

## OPINION

MATHIAS, Judge.

Donald Barnes ("Donald") and Barbara Barnes ("Barbara") (collectively "Barneses") appeal the Vanderburgh Circuit Court's grant of summary judgment in favor of State Farm Insurance Company ("State Farm") on their complaint arising out of an automobile accident. Upon appeal, the Barneses present five issues, which we consolidate and restate as whether the trial court erred in granting summary judgment in favor of State Farm. We affirm.

### Facts and Procedural History

On November 15, 2003, Barbara was injured when the 1998 Dodge Caravan in which she was a passenger was involved in an accident. Margaret McCarty ("McCarty") was driving the vehicle at the time of the accident. Barbara suffered bodily injuries and Donald claims damages resulting from the injuries to his wife from the accident. Both allege that McCarty was at fault. The vehicle was owned by the Barneses and insured by State Farm under policy number 18–3205–E24–14.

At the time of the accident, McCarty resided with Lisa Barnes ("Lisa"), the Barneses' daughter. Under an arrangement between McCarty and Lisa, McCarty would drive Lisa around because Lisa did not have a driver's license and did not drive. Lisa owned a 1998 Ford Taurus and insured it with State Farm under policy number 53 0932–714–14(A). At all relevant times, Lisa was responsible for the policy and paid the premiums for the policy that covered her 1998 Ford Taurus. She requested that she be in control of the policy because of problems related to a prior friend and roommate who had driven Lisa around. In conformity with this request, Pamela Lentz, a State Farm agent, replaced the prior friend with McCarty under the second policy. McCarty was listed as a driver of the Taurus under the second policy and not a named insured. McCarty was insured under this policy to drive the Taurus but was not covered to drive other vehicles.

On May 16, 2005, the Barneses filed a complaint against State Farm and McCarty. On July 8, 2005, State Farm filed its answer and cross-claim. On July 19, 2005, McCarty filed her answer and motion to stay proceedings pending resolution of coverage issue. On July 22, 2005, the trial court granted McCarty's motion to stay. On November 7, 2005, State Farm filed its first motion for summary judgment. On April 5, 2006, the Barneses filed their motion for leave to amend complaint and proposed order, their response to State Farm's motion for summary judgment, and a motion to terminate the stay entered on July 22, 2005. On April 25, 2006, State Farm filed its reply to the Barneses response. On May 4, 2006, the trial court held a hearing on the motion for summary judgment but withheld judgment on that motion and allowed the Barneses to amend their complaint. After the Barneses filed their amended complaint, State Farm filed its second motion for summary judgment. On October 10, 2007, after a hearing, the trial court granted State Farm's motion for summary judgment. On October 25, 2007, the trial court made the order an appealable, interlocutory order. The Barneses appeal.

### Standard of Review

Summary judgment is appropriate only where the designated evidence reveals no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *Garneau v. Bush*, 838 N.E.2d 1134, 1140 (Ind.Ct.App.2005), *trans. denied.* The moving party bears the burden of showing that there are no genuine issues of material fact; if the moving party meets its burden, then the burden shifts to the non-moving party to set forth facts showing the existence of a genuine issue for trial. *Id.* In determining whether the trial court properly granted summary judgment, we give careful scrutiny to the pleadings and designated materi-

als, construing them in the light most favorable to the non-movant, while also clothing the trial court's decision with a presumption of validity. *Davis v. LeCuyer*, 849 N.E.2d 750, 752 (Ind.Ct.App.2006), *trans. denied.*

■■■ The interpretation of an insurance policy is generally a question of law and is appropriate for summary judgment. *Hartford Cas. Ins. Co. v. Evansville Vanderburgh Pub. Library*, 860 N.E.2d 636, 640 (Ind.Ct.App.2007). An insurance contract is subject to the same rules of interpretation as are other contracts. *Id.* If the language in the insurance policy is clear and unambiguous, then we should give it its plain and ordinary meaning, but if the language is ambiguous, we should strictly construe the contract against the insurance company. *Id.* This is especially true where the policy language in question concerns an exclusion clause. *Id.* When an insurance company fails to clearly exclude that which the insured attempted to protect against, we must construe the ambiguous policy to further the policy's basic purpose of indemnity. *Id.* A policy is ambiguous only if it is susceptible to more than one interpretation and reasonably intelligent persons would differ as to its meaning, not simply because a controversy exists between the parties as to interpretation. *Id.; Castillo v. Prudential Property & Cas. Ins. Co.*, 834 N.E.2d 204, 206 (Ind. Ct.App.2005).

### I. Admission of Affidavit

■■■ The Barneses argue that the trial court abused its discretion when it considered the affidavit of State Farm's agent in its ruling on State Farm's motion for summary judgment. The admission and exclusion of evidence is left within the sound discretion of the trial court, and is reversed only for abuse of discretion. *Mann*

*v. Russell's Trailer Repair, Inc.,* 787 N.E.2d 922, 926 (Ind.Ct.App.2003), *trans. denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances presented. *Id.* We further note that all relevant evidence is admissible, except as provided by statute or rule; evidence that is not relevant is inadmissible. Ind. Evidence Rule 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. However, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Evid. R. 403. Therefore, in ruling on the relevancy of evidence, the trial court is given wide latitude to determine whether the probative value of evidence outweighs its prejudicial impact. *Sears Roebuck and Co. v. Manuilov,* 742 N.E.2d 453, 457 (Ind.2001).

The affidavit of State Farm's agent is relevant. Since the Barneses' main argument is that the coverage provided did not meet their reasonable expectations, then the introduction of an affidavit by the Barneses' insurance agent that explained the understandings and realities surrounding the purchase of that policy would be relevant. The trial court did not abuse its discretion when it considered an affidavit from a State Farm agent in its ruling on State Farm's motion for summary judgment.

## II. The Barneses' Insurance Policy

The Barneses next argue that the trial court's grant of summary judgment was an abuse of discretion because genuine issues of material fact existed about Barneses' reasonable expectations. Donald argues that he expected that "Barbara Barnes and I be provided full coverage for losses which might foreseeably occur including the one at issue here wherein Margaret McCarty was allowed to drive the 1998 Dodge Caravan which was insured under the policy." Appellant's App. at 232. He also states that "[a]t no time did State Farm's agent ever advise or suggest to me that there would be no coverage in the event that my wife or I allowed a third party to drive our van." *Id.* Finally, he also expected that McCarty would be covered under his daughter's policy such that he and his wife would be covered in the event of insufficient coverage. *Id.*

■ First, we must consider whether the policy provided coverage for bodily injury to the insured when another party was at fault. The policy states, in pertinent part, that:

THERE IS NO COVERAGE ... for any bodily injury to ... any insured or any member of an insured's family residing in the insured's household.

Appellant's App. at 76–77. This section of the Barneses' policy explicitly states that this policy does not cover bodily injury to the Barneses regardless of the driver of the vehicle.

■ The second issue is whether the Barneses could recover under the uninsured motor vehicle coverage. The policy states, in pertinent part, that:

An uninsured motor vehicle does not include a land motor vehicle:

1. insured under the liability coverage of this policy [.]

Appellant's Br. at 80. The Barneses argue that if liability coverage is precluded as stated above, then the uninsured motor vehicle coverage would apply. However, the plain and unambiguous language specifically states that their vehicle cannot be considered an uninsured motor vehicle under their policy. Since such language and

construction is not contrary to the public policy of Indiana, the Barneses cannot, under their policy, recover uninsured motor vehicle damages.

■ The policy is not ambiguous nor is its coverage illusory. The coverage of the policy covers exactly what it purports to cover. The Barneses argue that they expected their policy to provide "full coverage" which the policy did not provide. The Barneses never specifically asked for coverage that would include third party drivers of their vehicle who become involved in an accident while driving the insured vehicle. The Barneses had a duty to learn the contents of their policy and are charged with knowledge of that policy. *Steward v. City of Mount Vernon*, 497 N.E.2d 939, 943 (Ind.Ct.App.1986). The policy is unambiguous and while, in certain circumstances, the agent's representations may negate this duty, this case is not such a situation. The Barneses made no specific requests for coverage and the agent made no specific representations of coverage. As noted in *Filip v. Block*, 879 N.E.2d 1076, 1084 (Ind.2008), "this exception negates an insured's duty to read part of the policy if an agent insists that a particular hazard will be covered." In this case, the Barneses do not allege that the agent stated that the policy covered third party drivers, but that they assumed that it would. The Barneses had a duty to read their policy and ensure that they received the coverage that they expected, this they did not do.

While Barneses may have expected to have coverage that applied in any circumstances to any individual, that expectation needed to be reasonable. When viewed in conjunction with the clear and unambiguous language of the insurance policy, we cannot agree with the Barneses that their expectations were reasonable and that the policy was ambiguous. The trial court did not err in granting summary judgment for State Farm.

## III. Lisa Barnes Insurance Policy

The Barneses argue that McCarty should have been named an insured under Lisa's insurance policy instead of merely a driver. The Barneses assert that State Farm failed to follow Lisa's instructions with regard to insuring McCarty, so the insurance policy should be changed to reflect Lisa's instructions. State Farm argues that they followed Lisa's instructions and that the policy is clear and unambiguous. We agree with State Farm.

Lisa's insurance policy names Lisa as the "insured" but notes that McCarty is a driver who would be covered while driving Lisa's vehicle. The "insured" is defined in the specific coverage provided, in this case, "insured" means:

1. you;

2. your spouse;

3. the relatives of the first person named in the declarations;

4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and

5. any other person or organization liable for the use of such a car by one of the above insureds.

Appellant's App. at 37. The Declarations page states that the named insured was Lisa Barnes. *Id.* at 67. Under the policy, McCarty is not an insured. However, McCarty is covered under the policy if she is driving Lisa's vehicle with Lisa's consent. McCarty does not fall under the first three categories. The policy is quite clear and unambiguous about who is insured and the extent of the coverage.

While the Barneses argue that Lisa intended that McCarty be the insured under Lisa's policy, Lisa, by her own admission, intended that she be responsible for the policy and that the policy provide coverage

**330**

for anyone who was driving Lisa. *Id.* at 359. Lisa never states that she intended her policy to cover McCarty while McCarty drove other people in another vehicle in which Lisa was not present. The Barneses seek to extend the coverage of Lisa's policy beyond what was contracted for, but have failed to explicate any genuine issue of material fact with regard to that policy.

### Conclusion

Based on the facts and circumstances of this case, we conclude that the trial court did not err when it granted summary judgment in favor of State Farm. We also conclude that the trial court did not abuse its discretion when it admitted an affidavit of a State Farm agent.

Affirmed.

MAY, J., and VAIDIK, J., concur.

### ORDER

On May 23, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellants, by counsel, have filed a Motion to Publish Opinion.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS.

1. The Appellants' Motion to Publish Opinion is GRANTED and this Court's opinion heretofore handed down in this cause on May 23, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

MAY, MATHIAS, JJ., concur; VAIDIK, J., dissents.