REUTER ET AL. *v.* MONROE.

[No. 16,786. Filed March 23, 1942.]

*William J. Folz,* of Evansville, for appellants.

*Bex A. Trimble* and *French Clements,* both of Evansville, for appellee.

STEVENSON, J.—This is an appeal in a proceeding supplementary to execution. The action was instituted by a complaint filed by the appellee, in which the appellee alleged that he had recovered a judgment on the 11th day of December, 1937, against the appellant Albert Reuter, in the sum of $317.00; that execution had been issued and returned unsatisfied; that appellant was employed by Servel, Incorporated, which was indebted to the said Reuter by reason of his employment, which indebtedness was subject to execution. The appellee prayed for an order to subject the said

wages that are now due and will become due to the satisfaction of said judgment. This complaint was verified.

An answer in general denial and a plea of former adjudication were filed, and the case was submitted to the court for trial. Upon a hearing, the court found for the appellee and rendered judgment whereby it required the appellant Servel, Incorporated, to deduct from the income of the appellant Albert Reuter, 10% of the amount of his weekly wages in excess of $15.00, the same to be applied upon the appellee's judgment. A motion for a new trial was filed and overruled, and this appeal has been perfected. The error assigned on appeal is the alleged error in overruling the appellants' motion for a new trial. Under this assignment of error, the appellants contend that the decision of the court is not sustained by sufficient evidence, and further contend that the trial court erred in admitting in evidence the affidavit or verified complaint by which this proceeding was instituted.

The record discloses that the only evidence offered by the appellee in support of its complaint was a certified transcript of the original judgment and the affidavit filed by the appellee, which constituted his complaint. This affidavit was objected to by the appellants for the reason that the verified complaint did not constitute proof of the facts alleged therein. The court overruled this objection, and the affidavit was admitted in evidence and is the only evidence in this record of the facts contained therein, save and except that which is disclosed by the transcript of the original judgment. It is our opinion that this affidavit is not sufficient evidence to sustain the judgment of the trial court.

This court has held that in proceedings supplementary to execution the rules of civil procedure apply, where the statute has not expressly, or by fair implication, indicated the procedure contemplated. *Beckman Supply Co.* v. *Newell* (1918), 68 Ind. App. 679, 118 N. E. 962. Our statute, however, on proceedings supplementary to execution, provides that:

> ". . . and all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses. . . ." § 2-4404, Burns' 1933.

It is apparent, from a reading of this statue, that while such a proceeding is summary in nature, the testimony of parties and witnesses is contemplated. Our attention is directed to a further section of our statutes on civil procedure, which provides that:

> "Pleadings sworn to by either party in any case shall not, on the trial, be deemed proof of the facts alleged therein . . ." § 2-1029, Burns' 1933.

Our court has further held, in an action similar to the one at bar, that:

> "The affidavit, which alleged that an execution had issued and was then in the hands of the sheriff, can not be resorted to for the purpose of supplying the proof. Facts are to be established in the trial of such proceedings in the same manner as in other civil actions. . . ." *Balz* v. *Benninghof* (1892), 5 Ind. App. 522, 525, 32 N. E. 595.

It is our opinion, therefore, that the trial court erred in admitting in evidence the appellee's verified complaint as proof of the facts therein stated. Since there is no other evidence in the record to establish the facts set forth in the appellee's verified

complaint, it is our opinion that the evidence is insufficient to sustain the judgment of the trial court. The court was accordingly in error in overruling the appellants' motion for a new trial.

The judgment is reversed, and the trial court is instructed to sustain the appellants' motion for a new trial and for further proceedings consistent with this opinion.

Judgment reversed.

NOTE.—Reported in 40 N. E. (2d) 371.