**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANTS:
Attorney for Townsend H. Porter, Jr., and
Townsend Porter Revocable Trust:
**EDWARD P. BENCHIK**
Shedlak & Benchik Law Firm LLP
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**JEFFREY A. JOHNSON**
**TREVOR Q. GASPER**
May Oberfell Lorbert
Mishawaka, Indiana



FILED

Dec 31 2012, 10:55 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

TOWNSEND H. PORTER, JR., )
TOWNSEND PORTER REVOCABLE TRUST )
and BRIAN H. MERRITT, )
)
    Appellants-Defendants, )
)
        vs. ) No. 71A03-1205-CC-236
)
1ST SOURCE BANK, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Michael P. Scopelitis, Judge
Cause No. 71D07-1102-CC-69

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Townsend Porter, Jr.[1] appeals the trial court's denial of his exemption from proceedings supplemental filed by 1st Source in an effort to collect a debt owed by Porter. We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 21, 2011, the trial court granted summary judgment in favor of 1st Source and entered judgment jointly and severally against Porter, the Townsend Porter, Jr. Revocable Trust, and Brian H. Merritt for $5,319,544.90, which is the amount owed for an airplane purchased but later repossessed, plus prejudgment interest and attorneys' fees. In an effort to collect on the amount, 1st Source filed proceedings supplemental against six banks. Bank of America replied to the proceedings supplemental, indicating Porter held an account jointly with his wife, Beverly, at Bank of America.

On January 12, 2012, Bank of America froze Porter's account and disbursed the balance of the account, $34,261.13, to 1st Source. On February 27, Porter filed a claim for exemption of the proceeds in the account, and the trial court conducted hearings on March 2 and March 19. Porter and Beverly did not attend either hearing; instead they proffered affidavits claiming the Bank of America account was exempt from seizure by 1st Source via the proceedings supplemental.

1st Source filed a motion to strike the affidavits. The trial court granted the motion finding, "I.C. 34-55-8-9 requires that parties appear and answer, without further pleadings,

---

[1] Merritt did not participate in this appeal or in the proceedings supplemental; however, a party of record at trial is a party on appeal and thus we include his name here. *See* Indiana Appellate Rule 17(A) ("A party of record in the trial court . . . shall be a party on appeal.").

upon the oral examination and testimony of parties and witnesses. The defendant Townsend H. Porter, Jr. has not, as of the date of this order, appeared and answered as required by the court's February 23, 2012 order." (App. at 104.) On April 25, the trial court denied Porter's exemption claim and ordered the funds from the Bank of America account to remain with 1st Source.

## DISCUSSION AND DECISION

Porter appeals from a negative judgment, and thus we will not reverse the trial court's decision unless it is contrary to law. *Id*. We consider only the evidence favorable to the trial court's decision and make all reasonable inferences therefrom in favor of the decision. *Id*. We will reverse "only where the evidence lead to but one conclusion, and the trial court reached the opposite conclusion." *Fitzgerald v. Cummings*, 792 N.E.2d 611, 614 (Ind. Ct. App. 2003).

> A proceedings supplemental is a narrowly defined as:
>
> If an execution against the property of the judgment debtor or any of several debtors in the same judgment is returned unsatisfied, in whole or in part, the judgment creditor, after the return is made, is entitled to an order to be issued by any circuit, superior, or city court in the jurisdiction to which the execution issued that requires the judgment debtor to appear before the court to answer concerning the judgment debtor's property, income, and profits within the county to which the execution was issued.

Ind. Code § 34-55-8-1. Trial courts have broad discretion in conducting proceedings supplemental, and we "will not disturb a trial court's judgment regarding a proceedings supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained." *Prime Mort. USA, Inc. v. Nichols*, 885 N.E.2d 628, 669

3

(Ind. Ct. App. 2008). While 1st Source had the initial burden of demonstrating the bank account titled in Porter's name was subject to execution, the burden shifted to Porter to raise and demonstrate he had an exemption. *Id.*

Regarding proceedings supplemental, Ind. Code § 34-55-8-9 states: "All proceedings under this chapter, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses." In *Reuter v. Monroe*, 110 Ind. App. 664, 668, 40 N.E.2d 371, 372 (1942), our court held an affidavit filed by Monroe was insufficient as "proof of the facts therein stated," *id.*, in a proceedings supplemental. The court in *Reuter* reversed the judgment based on lack of evidence because Monroe did not appear in court to testify as required by the relevant statute, which is virtually identical to the language of Ind. Code § 34-55-8-9. *See Reuter*, 110 Ind. App. at 667, 40 N.E.2d at 372, citing Sec. 2-4404, Burns' 1933 ("all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses.").

In the instant case, Townsend's counsel acknowledged Townsend received notice of the hearing, but was unable to attend the hearing. In lieu of their testimony, Townsend and his wife sent affidavits regarding the issue of the ownership of the bank account 1st Source sought to seize to satisfy the earlier judgment. 1st Source filed a motion to strike those affidavits, and the trial court granted the motion. Thus, as Townsend failed to appear in court as required by Ind. Code § 34-55-8-9, and the affidavits he attempted to offer were stricken,

4

there was no evidence on the record to support Townsend's contention the Bank of America account was exempt from the proceedings supplemental. *See Prime Mort. USA, Inc.*, 885 N.E.2d at 669 (once creditor establishes debt is owed and debtor is owner of account, the burden of proof shifts to the debtor to prove the funds are exempt from seizure via proceedings supplemental). Accordingly, we affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.